## STATE OF WEST VIRGINIA
## IN THE SUPREME COURT OF APPEALS

**Tabitha P.,**
**Petitioner Below, Petitioner**

**vs.) No. 11-1293 (Mercer County 10-D-525)**

**Robby P.,**
**Respondent Below, Respondent**

**FILED**

**February 21, 2013**

released at 3:00 p.m.
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

### MEMORANDUM DECISION

The petitioner both herein and below, Tabitha P.[1] ("Petitioner"), appeals from an order entered August 15, 2011, by the Circuit Court of Mercer County, which denied her petition for appeal from a final divorce order entered by the family court on April 28, 2011. Petitioner had asserted several assignments of error in her appeal to the circuit court; however, on appeal to this Court, her challenge raises only the issue of retroactive child support. The appeal was timely perfected by counsel, and the appendix record accompanied the petition. Based upon Petitioner's written submission and oral argument,[2] the portions of the record designated for our consideration, and the pertinent authorities, we find that the circuit court erred in failing to make the increased amount of child support retroactive to the month in which the respondent herein and below, Robby P. ("Respondent"), began receiving increased income due to the receipt of disability payments. Accordingly, we reverse the underlying decision. This Court further finds that this case presents no new or significant questions of law, and, thus, will be disposed of through a memorandum decision as contemplated by Rule 21 of the Revised Rules of Appellate Procedure.

On June 15, 2010, the Family Court of Mercer County issued a Domestic Violence Protective Order based on a petition filed by Petitioner against her then husband,

---

[1]"We follow our past practice in juvenile and domestic relations cases which involve sensitive facts and do not utilize the last names of the parties." *State ex rel. West Virginia Dep't of Human Servs. v. Cheryl M.,* 177 W. Va. 688, 689 n.1, 356 S.E.2d 181, 182 n.1 (1987).

[2]Respondent, Robby P., has not filed any responsive pleadings. He filed only a motion for continuance of the oral argument, which stated that he is incarcerated and unable to attend. This Court denied the motion by order entered January 24, 2013.

Respondent. At that time, the lower court ordered Respondent to pay $100 per month[3] child support for the parties' two minor children. Thereafter, on July 21, 2010, Petitioner filed for divorce. Respondent filed his financial statement on October 26, 2010, utilizing the form prepared and distributed by this Court's Administrative Office, which states on its face that any changes in information "**MUST immediately**" be reported to the family court. (emphasis in original). A hearing was held on September 29, 2010, in the family court. On October 19, 2010, the family court entered a temporary order that addressed shared parenting and ordered Respondent to continue to pay the $100 per month in child support.

As a result of Respondent's failure to pay the ordered child support, Petitioner filed a petition for contempt on December 3, 2010. A contempt hearing was held December 6, 2010, before the family court, during which Respondent testified that his application for disability insurance payments had been approved in November 2010 and that he hoped to begin receiving checks soon. The family court found Respondent in contempt for his prior non-payment of child support, found that the contempt was not willful due to an inability to pay, and directed him to pay the arrearage "as soon as you can to purge the contempt."

Subsequently, on March 31, 2011, a final divorce hearing was held before the family court. Evidence was presented concerning the parties' incomes, and it was revealed that Respondent had begun receiving disability benefits at some point prior to January 24, 2011. The family court determined that Respondent's current gross income was $2,539 per month; recalculated child support based upon that income; and ordered Respondent to pay $521.48 per month to Petitioner, with a start date of April 1, 2011. Petitioner's counsel objected at the hearing and, instead, requested that the revised child support amount be made retroactive to the date that Respondent began receiving the disability income that he had failed to report to the court. The family court denied the request on the basis that there had been no motion filed for modification of child support. Counsel for Petitioner asserted that counsel had no knowledge on which to file a petition to modify because Respondent had failed to disclose his change in income. The family court again denied the request.

Petitioner appealed to the circuit court. By order entered August 15, 2011, the circuit court affirmed the family court's ruling and rejected the contention that the child support award should be modified retroactively in the absence of a petition to modify. In so ruling, the circuit court stated, in pertinent part, that "[c]onstruing W. Va. Code § 48-11-105 and Rule 23 together, the filing of a petition to modify an existing child support obligation

---

[3]The amount of child support was based upon income attributed to Respondent because he had no income.

2

is an integral step for applying a child support modification retroactively." Petitioner now appeals from this adverse ruling.

On appeal to this Court, Petitioner asserts that the child support award should have been modified retroactively. Petitioner explains that, in the present case, Respondent had not disclosed the onset date of his receipt of disability income, which prevented Petitioner from having any knowledge or basis to file a motion to modify the temporary child support order.

Before this Court, Petitioner challenges the circuit court's denial of her appeal from the adverse ruling of the family court. We review such appeals generally in accordance with the following standard:

> In reviewing a final order entered by a circuit court judge upon a review of, or upon a refusal to review, a final order of a family court judge, we review the findings of fact made by the family court judge under the clearly erroneous standard, and the application of law to the facts under an abuse of discretion standard. We review questions of law *de novo*.

Syl., *Carr v. Hancock*, 216 W. Va. 474, 607 S.E.2d 803 (2004). In regard to child support, we previously directed that "[q]uestions relating to alimony and to the maintenance and custody of the children are within the sound discretion of the court and its action with respect to such matters will not be disturbed on appeal unless it clearly appears that such discretion has been abused." Syl., *Nichols v. Nichols*, 160 W. Va. 514, 236 S.E.2d 36 (1977). With these standards in mind, we proceed to consider Petitioner's argument.

The issue before this Court does not concern the amount of child support ordered by the lower courts. Rather, the case *subjudice* requires a determination of the appropriate date on which the higher child support amount should be applied. As recognized by the circuit court's order, "no petition to modify the temporary order setting the amount of child support was ever filed." Thus, the circuit court reasoned that "because there was already a child support order in effect at the time the respondent's income substantially increased, filing a petition to modify the existing child support obligation was integral to the family court's authority to make a child support award retroactive." The circuit court based its decision on its interpretation of W. Va. Code § 48-11-105 (2008) (Repl. Vol. 2009) and Rule 23 of the West Virginia Rules of Practice and Procedure for Family Court. In pertinent part, W. Va. Code § 48-11-105(a) states that "[t]he court may modify a child support order, for the benefit of the child, when a motion is made that alleges a change in the circumstances of a parent or another proper person or persons. . . ." Additionally, Rule 23 states that, "[e]xcept for good cause shown, orders granting relief in the form of spousal support or child support shall make such relief retroactive to the date of service of the motion for relief."

In the instant case, the lower courts determined that retroactive relief was precluded because no motion for modification had been filed. Indeed, this Court's long-standing precedent has made clear that "[t]he authority of a family court to modify a spousal support or child support award is prospective only and, absent a showing of fraud or other judicially cognizable circumstance in procuring the original award, a family court is without authority to modify or cancel accrued alimony or child support installments." Syl. pt. 2, *Hayhurst v. Shepard*, 219 W. Va. 327, 633 S.E.2d 272 (2006). Accordingly, a modification of a child support award must be preceded by a motion to modify, and any relief granted shall be made retroactive to the date of service of the motion.

While Petitioner agrees with the general legal principles applied by the lower courts, Petitioner argues that the lower courts' application of the same to the present case is misguided. The instant proceeding involves a temporary order entered during a domestic violence proceeding, which temporary order was continued when the petition for divorce was filed. Here, the family court set the temporary child support at $100 per month based upon Respondent's testimony that he had no income. Once the family court received information from Respondent at the final divorce hearing in March 2011 concerning the increase in his income via the disability benefits that he began receiving some months earlier, it applied the statutory guidelines to calculate child support. However, it then denied petitioner's request that the re-calculated amount of child support be retroactive to the date on which Respondent began receiving disability benefits. We agree with Petitioner that the lower courts erred. The higher child support amount should have been effective on the date when the Respondent's income had increased.

After Petitioner filed her petition for divorce, Respondent filed his answer, along with his financial statement. In bold lettering on the preprinted form, the Respondent was cautioned that, "**[i]f the information you provide in this form, or file with this form changes after you file the form, you MUST <u>immediately</u> provide the new information.**" (emphasis in original). *See, e.g.*, W. Va. Code § 48-11-102(b) (2001) (Repl Vol. 2009) (requiring timely financial updates be made regarding changes in gross income). Subsequent to the filing of the Respondent's financial statement, he began receiving monthly disability insurance payments around January 24, 2011. Respondent, however, failed to provide this information to either the family court or to Petitioner. Rather, it was only during Respondent's testimony at the final divorce hearing on March 31, 2011, that it was revealed that Respondent's monthly gross income had increased from zero to $2,539, and had been such for several months.

The guidelines for fixing the amount of child support direct that "[a] child support order is determined by dividing the total child support obligation between the parents

in proportion to their income. Both parents' adjusted gross income is used to determine the amount of child support." W. Va. Code § 48-13-201 (2001) (Repl. Vol. 2009). As part of his adjusted gross income, Respondent's disability payments were properly considered in calculating the child support award. However, the lower courts erred in setting the effective date subsequent to Respondent's late disclosure.[4] The income information was possessed solely by Respondent, and he should not benefit from, or be rewarded for, his nondisclosure. *Cf.* Syl. pt. 1, in part, *Maples v. West Virginia Dep't of Commerce, Div. of Parks & Recreation*, 197 W. Va. 318, 475 S.E.2d 410 (1996) ("A litigant may not silently acquiesce to an alleged error, or actively contribute to such error[.]"). Based on the full evidence presented, the higher child support amount was warranted and should have been made payable from the time Respondent began receiving the additional income as his obligation to update Petitioner on his increased income was triggered when he began receiving the disability payments. To the extent that the final order had not been entered at the time the additional income was discovered during the hearing testimony, there was nothing to modify or alter retroactively, and Petitioner had no basis or knowledge on which to file a motion to modify.[5]

For the foregoing reasons, we find that the lower courts erred in setting April 1, 2011, as the effective date of the increased child support amount. In light of the evidence that Respondent's income increased sometime prior to January 24, 2011, the effective date of the increased child support amount should coincide with the date of Respondent's receipt of his disability payments. Therefore, the case is reversed and remanded for a determination of the actual date on which the increased monthly income became effective.

---

[4]*But cf. Skidmore v. Skidmore*, 225 W. Va. 235, 691 S.E.2d 830 (2010) (per curiam) (finding that obligee had burden to seek discovery or enforcement of the reporting requirement once the court-ordered annual deadline for exchange of tax information had passed without the information being supplied by the obligor). In the present case, however, there was no court-ordered specified deadline for reporting that could be enforced by Petitioner.

[5]Moreover, it bears pointing out that, while the lower courts determined that the child support award could not be afforded retroactive effect in the absence of a motion for modification, they found no issue with altering the amount of the temporary child support award once evidence of Respondent's increased income was received. If the lower courts' reasoning on the retroactive effect of the award was followed, it also would be improper to adjust the amount of the award absent a filing of a motion for modification. *See* W. Va. Code § 48-11-105(a) ("The court may modify a child support order, for the benefit of the child, *when a motion is made* that alleges a change in the circumstances of a parent or another proper person or persons. . . ." (emphasis added)).

5

Reversed and Remanded.

**ISSUED: February 21, 2013**

**CONCURRED IN BY:**

**Chief Justice Brent D. Benjamin**
**Justice Robin Jean Davis**
**Justice Margaret L. Workman**
**Justice Menis E. Ketchum**
**Justice Allen H. Loughry II**

6