# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**D.W.,**
**Petitioner Below, Petitioner**

vs) **No. 12-1393** (Hardy County 07-D-127 & 09-D-71)

**R.M.,**
**Respondent Below, Respondent**

**FILED**

November 22, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner D.W.,[1] by counsel Agnieszka Collins, appeals the October 12, 2012, order of the Circuit Court of Hardy County that affirmed the final order of the family court in this divorce proceeding. The family court granted respondent's petition to modify the primary residence and primary custodial responsibility of the couple's children from petitioner to respondent. Respondent R.M., by counsel Lawrence E. Sherman Jr., filed a response. Petitioner filed a reply.

This Court has considered the parties' briefs and the appendix record on appeal.[2] The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

The sole issue in this case is the custodial allocation of the parties' two minor children: Seth (born in 2006) and Shane (born in 2008). The parties divorced in 2008 and agreed to share custody of their sons. The circuit court established shared parenting time with the children, where the children would spend four overnights during a week with one parent, and spend three

---

[1]In view of the sensitive nature of this case, this Court will refer to the parties by their initials. *Clifford K. v. Paul S.,* 217 W.Va. 625, 630 n.1, 619 S.E.2d 138, 134 n.1 (2005).

[2]We take this opportunity to remind counsel that Rule 6 of the West Virginia Rules of Appellate Procedure provides, in relevant part, "(b) . . . [t]he record on appeal should be selectively abridged by the parties in order to permit the Court to easily refer to relevant parts of the record and to save the parties the expense of reproducing the entire record." In this case, respondent cites to the appendix record only once in his brief. Additionally, many of petitioner's factual assertions in her brief do not contain pinpoint citations to the appendix record. As we have stated, "[j]udges are not like pigs, hunting for truffles buried in briefs [,]" *State Department of Health and Human Resources v. Robert Morris N.,* 195 W. Va. 759, 765, 466 S.E.2d 827, 833 (1995), and the same observation may be made with respect to appendix records.

1

overnights that week with the other parent. This schedule of overnights would alternate from week to week. At that time, the children were not of school age. The circuit court also ordered that respondent pay child support to petitioner.

The parties deviated from the shared parenting plan as the children approached school enrollment. Respondent enrolled Seth in pre-school in the East Hardy school district in Mathias, West Virginia, which is located close to respondent's home. Petitioner lives in a different school district, on the Moorefield "side of the mountain."

Respondent fell behind in his child support obligation. In September of 2010, petitioner, pro se, petitioned for contempt against respondent alleging he owed child support in an amount over $1,800. In his answer to the petition for contempt, respondent admitted that he was in arrears because there was a period of time that he was unemployed. He also filed a petition to modify primary residency and allocation of custodial responsibility. Respondent alleged that petitioner had not exercised her allotted time with the children, and that he had actual custody of the children approximately seventy-five percent of the time. Respondent also alleged that petitioner had not provided a stable home environment, claiming she moved eight times in the last year and one half.

By order dated December 17, 2010, the family court held in abeyance petitioner's petition for contempt and found that it would be considered concurrently with the relief requested in respondent's petition to modify primary residence and allocation of custodial responsibility. The family court noted that both of the parties were unemployed, and modified respondent's child support obligation, effective December 1, 2010, from $397 to $271 per month.

Thereafter, the family court ordered that the parties mediate the dispute. With the help of the mediator, the parties reached an agreement. During the final hearing, however, on June 13, 2011, respondent withdrew his support of the agreement. He presented evidence and testimony of witnesses to support his petition for modification. Among other things, respondent presented a calendar to show that petitioner had not been exercising her time with the children. Petitioner's counsel cross-examined respondent and his witnesses. Petitioner presented her case by her own testimony. One matter that came before the family court was Seth's head-start school attendance. During the winter months, and while in custody of petitioner, Seth was frequently absent from school. Petitioner testified that head-start was optional, and it was not located in her school district. Petitioner stated that she was advised to not transport Seth to head-start when road conditions were poor.

By order entered July 14, 2011, the family court found respondent to be the primary residential parent. The family court found that respondent had the children the majority of the time, although both parties readily admitted that the children spend a fair amount of time with extended family members, particularly those on respondent's side. The family court held that petitioner would have custodial allocation for the first, second, and fourth weekends per month, during the school year. The family court did not find respondent in contempt for failure to pay child support. The family court attributed child support to petitioner, at $50 per month, and ordered that the Bureau of Child Support Enforcement offset respondent's delinquency by the

newly ordered sum.[3]

Thereafter, petitioner filed a motion for reconsideration, which the family court heard on November 1, 2011. The family court refused to hear petitioner's testimony regarding discrepancies in the calendar submitted by respondent. The family court stated that its previous decision was not based on respondent's calendar, but on other evidence including Seth's head-start attendance while in petitioner's care. The family court did hear petitioner regarding allegations of manipulation of the children by respondent since the hearing held June of 2011. The family court appointed a guardian ad litem to prepare a report, and scheduled the matter for further hearing.

The guardian ad litem reviewed all of the court documents, met with petitioner and her boyfriend at their residence, met with respondent and the children at their residence, and reviewed various documents from the school. The guardian ad litem found no evidence to substantiate petitioner's allegation that respondent made disparaging remarks to the children regarding her. The guardian ad litem described the children as well-behaved, well-mannered, happy and healthy. The guardian ad litem recommended that the children continue to reside primarily with respondent. The guardian ad litem stated that

> Seth is currently attending East Hardy Schools and is doing quite well. His teacher indicates that he arrives at school regularly and always prepared. In addition, Seth's teacher provides that Seth interacts well with the other children and often expresses the activities he participates in with his father and other immediate family in the after-school hours.

The family court reconvened on December 29, 2011, to consider the report of the guardian ad litem. By order dated February 10, 2012, the family court granted a shared parenting arrangement, with respondent as the primary residential parent, subject to petitioner having an allocation of custodial responsibility on all weekends during the school year, and weekdays during summer vacation. The family court stated that modification from the previous arrangement was warranted based on the guardian ad litem's recommendation and petitioner's failure to transport Seth to school on several occasions.

Petitioner appealed to the circuit court. By order entered April 30, 2012, the circuit court noted that the custodial order from family court lacked findings and justification for a substantial change in circumstances, and directed the family court to amend the findings. In its August 30, 2012, amended order, the family court stated that the justification to warrant the substantial change in circumstances was the fact the children spend the majority of their time with respondent. The family court also found that for purposes of school, the children had to be in one location during the week because the parties reside in two different school districts.

---

[3]In effect, the family court determined that petitioner would not pay child support to respondent from December of 2010 through February of 2014. Petitioner would begin paying $50 per month child support beginning March 1, 2014.

3

Thereafter, petitioner appealed again to the circuit court. By order dated October 12, 2012, the circuit court stated:

> When parties are incapable of working matters out as simple as an exchange of custody location, and live in two different school districts, the Family Court obviously had to make a decision on which parent would be the primary custodian, or cut the children in half. Unfortunately for Petitioner, the Family Court agreed with the recommendations of the Court appointed Guardian Ad Litem, and modified custody to be with the Respondent Father. This Court cannot find that the Family Court's findings of fact are clearly erroneous, or that the Family Court's conclusions of law are an abuse of discretion.

Petitioner appeals the order of the circuit court. We begin with this Court's standard of appellate review. Generally,

> [i]n reviewing a final order entered by a circuit court judge upon a review of, or upon a refusal to review, a final order of a family court judge, we review the findings of fact made by the family court judge under the clearly erroneous standard, and the application of the law to the facts under an abuse of discretion standard. We review questions of law *de novo*.

Syl., *Carr v. Hancock*, 216 W.Va. 474, 607 S.E.2d 803 (2004). Specific to the custody issues before this Court, in considering the proper placement for children, we note that "[q]uestions relating to . . . custody of the children are within the sound discretion of the [circuit] court and its action with respect to such matters will not be disturbed on appeal unless it clearly appears that such discretion has been abused." Syl., in part, *Nichols v. Nichols*, 160 W.Va. 514, 236 S.E.2d 36 (1977). Finally, in "custody matters, we have traditionally held paramount the best interests of the child." Syl. Pt. 5, in part, *Carter v. Carter*, 196 W.Va. 239, 470 S.E.2d 193 (1996). Mindful of these principles, we consider the parties' arguments.

Petitioner argues that the family court and circuit court erred by: (1) changing custodial allocation of the children on the basis of calendar evidence submitted by respondent that she could have rebutted; and (2) justifying a change in the parenting plan on the basis of an optional head-start program.[4]

---

[4]Petitioner also argues that the family court erred in determining that any child support obligation owed by respondent should be offset by petitioner's obligation to him after the change in custodial allocation. Petitioner cites no authority in support of this argument. We find that this assignment of error lacks merit. A family court may modify a child support obligation when a motion is made and when the family court finds "there is a substantial change in [the] circumstances" of the parties. W.Va. Code § 48-11-105. We note that the authority of a family court to modify a child support award is prospective only. Syl. Pt. 2, *Hayhurst v. Shepard*, 219 W.Va. 327, 633 S.E.2d 272 (2006). We therefore find that the family court did not abuse its discretion in offsetting the child support obligation prospectively.

In response, respondent states that petitioner's assignments of error are one and the same. Respondent urges this Court to affirm the decision below because the parties have experienced a change in circumstances with the children spending the majority of their time with him. Furthermore, he maintains that the modification would serve the best interests of the children considering school enrollment.

After careful consideration of the appendix record and the parties' briefs, we affirm the decision of the circuit court. Contrary to petitioner's contention, the change of custodial allocation was not based entirely on the calendar submitted by respondent. The family court and circuit court specifically stated that the children spend the majority of their time with respondent and their school attendance was the paramount reason for the modification. The family court and circuit court also relied upon the conclusion of the guardian ad litem that it is in the best interest of the children for them to reside primarily with respondent during the school year. We find no basis to overturn this decision.  This Court "may not overturn a finding simply because it would have decided the case differently, and [we] must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, in part, *In the Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Additionally, we conclude that the modification of child custody during the school year is consistent West Virginia Code § 48-9-206(a)(6), which states that one of the objectives to allocating custody is:

> To avoid an allocation of custodial responsibility that would be extremely impractical or that would interfere substantially with the child's need for stability in light of economic, physical or other circumstances, including the distance between the parents' residences, the cost and difficulty of transporting the child, the parents' and child's daily schedules, and the ability of the parents to cooperate in the arrangement[.]

Considering the foregoing, we cannot find that the circuit court abused its discretion in affirming the decision of the family court. The family court appropriately granted respondent's petition for modification because he demonstrated a substantial change of circumstances and there was a showing that the welfare of the children required a modification.

For the foregoing reasons, we affirm.

Affirmed.

5

**ISSUED:**  November 22, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Menis E. Ketchum
Justice Allen H. Loughry II

**DISSENTING:**

Justice Margaret L. Workman