# IN THE SUPREME COURT OF APPEALS OF WEST VIRGINIA

## September 2014 Term

**FILED**

**September 18, 2014**

released at 3:00 p.m.
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

No. 13-0831

## IN THE INTEREST OF
## J.L., JR.

---

**Appeal from the Circuit Court of Wood County**
**Honorable John D. Beane, Judge**
**Juvenile Abuse Neglect No. 11-JA-134**

**REVERSED AND REMANDED**

---

**Submitted: September 10, 2014**
**Filed: September 18, 2014**

Dee-Ann Booth Burdette
Jonathan M. Burton
West Virginia Department of
Health and Human Resources,
Bureau for Child Support Enforcement
Charleston, West Virginia
Attorneys for the Petitioner,
Bureau for Child Support Enforcement

William B. Summers
Parkersburg, West Virginia
Attorney for the Respondent,
Jason L.

**CHIEF JUSTICE DAVIS delivered the Opinion of the Court.**

**SYLLABUS BY THE COURT**

1.     "The jurisdiction of family courts is limited to only those matters specifically authorized by the Legislature, while circuit courts have original and general jurisdiction and other powers as set forth in Article VIII, § 6 of the Constitution of West Virginia."  Syllabus point 5, in part, *Lindsie D.L. v. Richard W.S.*, 214 W. Va. 750, 591 S.E.2d 308 (2003).

2.     "A circuit court has jurisdiction to entertain an abuse and neglect petition and to conduct proceedings in accordance therewith as provided by W. Va. Code § 49-6-1, *et seq.*"  Syllabus point 3, *State ex rel. Paul B. v. Hill*, 201 W. Va. 248, 496 S.E.2d 198 (1997).

3.     "When a child is the subject of an abuse or neglect or other proceeding in a circuit court pursuant to Chapter 49 of the *West Virginia Code*, the circuit court, and not the family court, has jurisdiction to establish a child support obligation for that child."  Syllabus point 3, *West Virginia Department of Health and Human Resources, Bureau for Child Support Enforcement v. Smith*, 218 W. Va. 480, 624 S.E.2d 917 (2005).

4.      Pursuant to Rule 6 of the West Virginia Rules of Procedure for Child Abuse and Neglect Proceedings, when a circuit court enters an order awarding or modifying child support in an abuse and neglect case, the circuit court retains jurisdiction over such child support order.

5.      Pursuant to Rule 16a(d) of the West Virginia Rules of Procedure for Child Abuse and Neglect Proceedings, a circuit court cannot transfer or remand a child support order that it has entered in an abuse and neglect case to the family court for enforcement or modification.

**Davis, Chief Justice:**

The petitioner herein, the West Virginia Department of Health and Human Resources, Bureau for Child Support Enforcement [hereinafter "BCSE"], appeals from an order entered July 16, 2013, by the Circuit Court of Wood County.[1] By that order, the circuit court remanded the case to the Family Court of Wood County with instructions to enforce the circuit court's order, entered in the underlying abuse and neglect case, modifying the child support obligation of the respondent father herein, Jason L.[2] On appeal to this Court, the BCSE assigns error to the circuit court's decision to remand the case to the family court for enforcement of the circuit court's modification order. Upon a review of the parties' arguments, the appendix record, and the pertinent authorities, we agree with the BCSE that it was improper for the circuit court to remand the case to the family court for enforcement of a child support order entered by the circuit court. Accordingly, we reverse the July 16,

---

[1]This case originated in the Family Court of Wood County as a divorce action (Civil Action No. 05-D-95). During the pendency of child support enforcement proceedings therein, the underlying abuse and neglect case was filed in the Circuit Court of Wood County (Juvenile Abuse Neglect No. 11-JA-134). Because the child support order being enforced in the instant contempt proceeding was entered by the circuit court in the abuse and neglect case, we have adopted that case's style to maintain consistency therewith. For further discussion of the procedural posture giving rise to the case *sub judice*, see Section I, *infra*.

[2]"In this case involving sensitive facts, we adhere to our usual practice adopted in other such cases and refer to the parties by their last initials rather than by their complete surnames." *In re Emily*, 208 W. Va. 325, 329 n.1, 540 S.E.2d 542, 546 n.1 (2000) (citations omitted). *See also* W. Va. R. App. P. 40(e)(1) (restricting use of personal identifiers in abuse and neglect cases).

2013, order of the Circuit Court of Wood County and remand this case for further proceedings consistent with this opinion.

# I.

## FACTUAL AND PROCEDURAL HISTORY

The facts of this case are straightforward and not disputed by the parties. The respondent parents herein, Mary P. [hereinafter "Mary"] and Jason L. [hereinafter "Jason"], previously were married and had one child. During their 2005 divorce proceedings, Mary was awarded custody of the parties' child, and Jason was ordered to pay child support in the amount of $165.66 per month.

In 2011, the BCSE initiated enforcement proceedings against Jason in the divorce case in the Family Court of Wood County for nonpayment of child support. On April 11, 2011, the family court entered an order declaring Jason to be in arrears and granting judgment against him in the amount of $13,130.53. When Jason still failed to fulfill his child support obligation or pay his arrearage, the BCSE initiated contempt proceedings against Jason seeking to enforce its judgment against him. During the pendency of the contempt proceedings, the instant abuse and neglect case was filed in the Circuit Court of Wood County alleging that the parties' child was an abused or neglected child because Jason had committed various acts of domestic violence in the child's presence and Mary had failed to

2

shield the child from such incidents.[3]  Due to the pending abuse and neglect case, the family court determined that Rule 6 of the West Virginia Rules of Procedure for Child Abuse and Neglect Proceedings[4] prohibited it from hearing the contempt petition insofar as the circuit court now had jurisdiction of child support matters and dismissed the contempt petition without prejudice.

Thereafter, in the abuse and neglect case, the circuit court, by "Order of Modified Support" entered November 21, 2012, terminated Jason's parental rights to the parties' child and modified his child support obligation by reducing it by one-half to $82.83 per month and setting his arrearage amount at $50.00 per month until it has been satisfied. When Jason failed to pay this amount, or any portion of the arrearages he owes, Mary filed a *pro se* petition for contempt.  The circuit court held a hearing on Mary's petition for contempt, and, on July 16, 2013, entered the order at issue in the case *sub judice*.  In its July 16, 2013, order, the circuit court held Jason to be in contempt for nonpayment of child

---

[3]The appendix record in this case is exceedingly sparse, consisting of a mere twenty-four pages comprised of four orders entered during the course of this matter.  While the Court appreciates counsel's attempt at brevity, such an abbreviated record leaves many questions about the procedural posture of this case unanswered, most notably the current status of the underlying abuse and neglect proceeding that has been pending for nearly three years and the permanency plan for the parties' child.  *See* W. Va. R. P. Child Abuse & Neglect Proceed. 43 ("Permanent placement of each child shall be achieved within twelve (12) months of the final disposition order, unless the court specifically finds on the record extraordinary reasons sufficient to justify the delay.").

[4]See Section III, *infra*, for the text of Rule 6.

support as ordered by the circuit court's November 21, 2012, order modifying his child support obligation, issued a capias warrant to secure his arrest, directed he be returned to the family court, and remanded the case to the family court for enforcement of the circuit court's modified child support order entered in the abuse and neglect case as well as "for all future contempt hearings and all future modification hearings regarding child support."

From this order, the BCSE appeals to this Court.

## II.

## STANDARD OF REVIEW

In the case *sub judice*, the BCSE challenges the correctness of the circuit court's order. We previously have held that

> [i]n reviewing challenges to the findings and conclusions of the circuit court, we apply a two-prong deferential standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard, and we review the circuit court's underlying factual findings under a clearly erroneous standard. Questions of law are subject to *de novo* review.

Syl. pt. 2, *Walker v. West Virginia Ethics Comm'n*, 201 W. Va. 108, 492 S.E.2d 167 (1997).

Mindful of this standard, we proceed to consider the parties' arguments.

## III.

## DISCUSSION

Before this Court, the BCSE assigns error to the circuit court's order remanding the case to the family court for enforcement of the circuit court's order modifying child support and for all further modifications of child support. In its July 16, 2013, order, the circuit court ruled:

> [I]t is hereby **ADJUDGED** and **ORDERED**:
>
> 1. Jason L[.] shall be found in willful and contumacious contempt for failure to pay child support and failing to appear for this hearing.
>
> 2. This Order herein shall serve as a Capias warrant, and it is hereby ORDERED that any law enforcement officer authorized to execute a warrant in the State of West Virginia is hereby authorized to take JASON L[.] into custody and retain custody of him until the next judicial day that Family Court is in session in Wood County, West Virginia, and then delivery [sic] the body of JASON L[.] to appear before the Honorable C. Darren Tallman, Family Court Judge, between the hours of 9:00 a.m. and 4:00 p.m. to explain his failure to comply with the Order of the Court and to be further dealt with as the Court determines necessary.
>
> 3. This matter shall be remanded back to Family Court for all future contempt hearings and all future modification hearings regarding child support.
>
> **4. This matter shall be set for further hearing on the Petition for Contempt for failure to pay child support before the Honorable C. Darren Tallman, Family Court Judge of Wood County on August 7, 2013 at 9:15 a.m. in Civil Action Number 05-D-95.**

5

(Emphasis in original).  In so ruling, the circuit court explained its reasoning as follows:

> Family Court is the more convenient forum for actions relating to child support as it addresses such issues on a daily basis.
>
> The WVBCSE attorney appears more frequently in Family Court and the WVBCSE is a party to all actions involving the collections and enforcement of child support, so Family Court would be the more appropriate forum based upon judicial economy.
>
> The State of West Virginia and the public defenders services should not be paying for an attorney, appointed in a circuit court proceeding unrelated to the enforcement and collection of child support, to defend an issue of contempt or modification on [sic] child support.
>
> An executed capias may be heard more expeditiously in Family Court as Circuit Court may be in the middle of a jury trial or may have hearings scheduled which would take precedence over the capias.
>
> Disregarding the arguments of the WVBCSE, all further proceedings concerning the support of this child should be heard in Family Court *regardless of the mandate in Rule 6*.

(Emphasis added).   Therefore, we must determine whether the circuit court properly disregarded Rule 6 of the West Virginia Rules of Procedure for Child Abuse and Neglect Proceedings when it remanded the case to the family court with instructions to preside over the present contempt proceedings for nonpayment of child support and to hear any future modifications of child support and contempt proceedings related thereto.  In light of the limited jurisdiction of family courts, the exclusive jurisdiction of circuit courts over child abuse and neglect proceedings, and our Rules specifically directing circuit courts to award

6

child support in abuse and neglect cases, to retain jurisdiction over such awards, and to refrain from transferring such child support determinations to family courts, we conclude that the circuit court clearly exceeded its authority when it remanded the instant child support matter to the family court.

We begin our analysis by reviewing the jurisdiction with which family courts are vested. Pursuant to article VIII, § 16 of the West Virginia Constitution, "[f]amily courts shall have original jurisdiction in the areas of family law and related matters as may hereafter be established by law. Family courts may also have such further jurisdiction as established by law." In recognition of these jurisdictional limits, we have expressly held that "[t]he jurisdiction of family courts is limited to only those matters specifically authorized by the Legislature, while circuit courts have original and general jurisdiction and other powers as set forth in Article VIII, § 6 of the Constitution of West Virginia." Syl. pt. 5, in part, *Lindsie D.L. v. Richard W.S.*, 214 W. Va. 750, 591 S.E.2d 308 (2003).

W. Va. Code § 51-2A-2 (2012) (Supp. 2014) defines the precise parameters of the family court's jurisdiction. Of particular relevance to our resolution of the case *sub judice* is the express recognition that the ambit of authority granted to family courts is limited and particularly defined:

> A family court is a court of limited jurisdiction. A family court is a court of record only for the purpose of exercising

7

jurisdiction in the matters for which the jurisdiction of the family court is specifically authorized in this section and in chapter forty-eight [§§ 48-1-101 et seq.] of this code. A family court may not exercise the powers given courts of record in section one [§ 51-5-1], article five, chapter fifty-one of this code or exercise any other powers provided for courts of record in this code unless specifically authorized by the Legislature. A family court judge is not a "judge of any court of record" or a "judge of a court of record" as the terms are defined and used in article nine [§§ 51-9-1 et seq.] of this chapter.

W. Va. Code § 51-2A-2(e). Among such limits imposed upon a family court's jurisdiction are the inability of a family court to hear a matter involving child abuse or neglect insofar as such cases are within the exclusive authority of the circuit court and the corresponding directive to the family courts to stay proceedings pending therein when a related abuse and neglect case is simultaneously pending before the circuit court:

If an action for divorce, annulment or separate maintenance is pending and a petition is filed pursuant to the provisions of article six [§§ 49-6-1 et seq.], chapter forty-nine of this code alleging abuse or neglect of a child by either of the parties to the divorce, annulment or separate maintenance action, the orders of the circuit court in which the abuse or neglect petition is filed shall supercede and take precedence over an order of the family court respecting the allocation of custodial and decision-making responsibility for the child between the parents. If no order for the allocation of custodial and decision-making responsibility for the child between the parents has been entered by the family court in the pending action for divorce, annulment or separate maintenance, the family court shall stay any further proceedings concerning the allocation of custodial and decision-making responsibility for the child between the parents and defer to the orders of the circuit court in the abuse or neglect proceedings.

W. Va. Code § 51-2A-2(c).

8

By contrast, circuit courts, being courts of general jurisdiction, have more expansive authority. *See* Syl. pt. 5, in part, *Lindsie D.L. v. Richard W.S.*, 214 W. Va. 750, 591 S.E.2d 308. Of relevance to the case *sub judice* is the exclusive authority of circuit courts to hear cases alleging the abuse and/or neglect of a child. In this regard, we specifically have recognized that "[a] circuit court has jurisdiction to entertain an abuse and neglect petition and to conduct proceedings in accordance therewith as provided by W. Va. Code § 49-6-1, *et seq.*" Syl. pt. 3, *State ex rel. Paul B. v. Hill*, 201 W. Va. 248, 496 S.E.2d 198 (1997). *See also* W. Va. Code § 49-6-1(a) (2005) (Repl. Vol. 2014) (specifying that abuse and neglect petition is to be presented to circuit court of county in which subject child resides). Because child and abuse proceedings are confidential in nature, access to the records of such cases is limited, with even the family court being afforded restricted access to only certain documents in an abuse and neglect case file:

> All records and information maintained by the courts in child abuse and neglect proceedings shall be kept confidential except as otherwise provided in W. Va. Code, Chapter 49 and this rule. In the interest of assuring that any determination made in proceedings before a family court arising under W. Va. Code, Chapter 48, or W. Va. Code § 44-10-3, does not contravene any determination made by a circuit court in a related prior or pending child abuse and neglect case arising under W. Va. Code, Chapter 49, family courts and staff shall have access to all circuit court orders and case indexes in this State in all such related Chapter 49 proceedings.

W. Va. R. P. Child Abuse & Neglect Proceed. 6a(b). *See also* W. Va. R. P. Child Abuse & Neglect Proceed. 3a(d) (similarly restricting access to pre-petition investigation in abuse and

9

neglect cases).  Therefore, it is clear that exclusive jurisdiction over abuse and neglect cases is reposed in the circuit courts of this State, and that the family courts are required to defer to the circuit courts' rulings in such matters.

Included within a circuit court's abuse and neglect jurisdiction is the authority to decide child support issues arising in an abuse and neglect case.  Recognizing that circuit courts, and not family courts, are vested with jurisdiction over child abuse and neglect cases, we previously have held that "[w]hen a child is the subject of an abuse or neglect or other proceeding in a circuit court pursuant to Chapter 49 of the *West Virginia Code*, the circuit court, and not the family court, has jurisdiction to establish a child support obligation for that child."  Syl. pt. 3, *West Virginia Dep't of Health & Human Res., Bureau for Child Support Enforcement v. Smith*, 218 W. Va. 480, 624 S.E.2d 917 (2005).  This holding serves to clarify not only that the circuit court has exclusive jurisdiction over abuse and neglect matters but also that the establishment of an award of child support is a necessary and integral part of the resolution of an abuse and neglect proceeding: "A circuit court terminating a parent's parental rights pursuant to *W. Va. Code*, § 49-6-5(a)(6), must ordinarily require that the terminated parent continue paying child support for the child, pursuant to the *Guidelines for Child Support Awards* found in *W. Va. Code*, § 48-13-101, et seq. [2001]."  Syl. pt. 2, in part, *In re Ryan B.*, 224 W. Va. 461, 686 S.E.2d 601 (2009).  *See* Syl. pt. 4, *Smith*, 218 W. Va. 480, 624 S.E.2d 917 ("When a circuit judge enters an order on an abuse or neglect petition

10

filed pursuant to Chapter 49 of the *West Virginia Code*, and in so doing alters the custodial

and decision-making responsibility for the child and/or commits the child to the custody of

the Department of Health and Human Resources, *W. Va. Code*, 49-7-5 [1936] requires the

circuit judge to impose a support obligation upon one or both parents for the support,

maintenance and education of the child. *The entry of an order establishing a support*

*obligation is mandatory; it is not optional.*" (emphasis added)). *See also* Syl. pt. 1, *In re*

*Ryan B.*, 224 W. Va. 461, 686 S.E.2d 601 ("The Legislature's 2006 amendment of *W. Va.*

*Code*, § 49-6-5(a)(6), changing the statute's "guardianship rights and/or responsibilities"

language to "guardianship rights and responsibilities" was not intended to relieve parents

who have their parental rights terminated in an abuse and neglect proceeding from providing

their child(ren) with child support."). The requisite imposition of a child support obligation

in an abuse and neglect case also is detailed in Rule 16a of the West Virginia Rules of

Procedure for Child Abuse and Neglect Proceedings:

> (a) *Entry of support orders.* – Every order in a child
> abuse and neglect proceeding that alters the custodial and
> decision-making responsibility for a child and/or commits the
> child to the custody of the Department of Health and Human
> Resources must impose a support obligation upon one or both
> parents for the support, maintenance and education of the child.
>
> (b) *Use of guidelines.* – Any order establishing a child
> support obligation in an abuse and neglect proceeding must use
> the *Guidelines for Child Support Awards* found in W. Va. Code
> § 48-13-101, *et seq.* The *Guidelines* may be disregarded, or the
> calculation of an award under the *Guidelines* may be adjusted,
> only if the court makes specific findings that use of the
> *Guidelines* is inappropriate.

(c) *Modifications.* – Any order establishing a child support obligation in a child abuse and neglect proceeding may be modified by the court upon motion of any party. An order granting modification of a support obligation must use the *Guidelines for Child Support Awards* found in W. Va. Code § 48-13-101, *et seq.* . . .

(Emphasis in original).

Insofar as the authority to determine matters involving the abuse and/or neglect of a child is reposed in the circuit court, not the family court, continuing jurisdiction over such cases likewise is vested in the circuit court:

Each civil child abuse and neglect proceeding shall be maintained on the circuit court's docket until permanent placement of the child has been achieved. The court retains exclusive jurisdiction over placement of the child while the case is pending, as well as over any subsequent requests for modification, including, but not limited to, changes in permanent placement or visitation, except that (1) if the petition is dismissed for failure to state a claim under Chapter 49 of the W. Va. Code, or (2) if the petition is dismissed, and the child is thereby ordered placed in the legal and physical custody of both his/her cohabiting parents without any visitation or child support provisions, then any future child custody, visitation, and/or child support proceedings between the parents may be brought in family court. However, should allegations of child abuse and/or neglect arise in the family court proceedings, then the matter shall proceed in compliance with Rule 3a.

W. Va. R. P. Child Abuse & Neglect Proceed. 6. Moreover, the exclusivity of such jurisdiction in the circuit court precludes the transfer of any portion of an abuse and neglect case to the family court, even if the issue involved concerns a matter usually within the

12

purview of the family court's jurisdiction. Rule 16a(d) of the West Virginia Rules of Procedure for Child Abuse and Neglect Proceedings makes it patently clear that circuit courts, and not family courts, possess and retain abuse and neglect jurisdiction and specifically prohibits circuit courts from transferring abuse and neglect matters to family court: "No portion of a child abuse and neglect proceeding may be transferred or remanded to a family court for assessment of a child support obligation."

Based upon the foregoing authorities, we therefore hold that, pursuant to Rule 6 of the West Virginia Rules of Procedure for Child Abuse and Neglect Proceedings, when a circuit court enters an order awarding or modifying child support in an abuse and neglect case, the circuit court retains jurisdiction over such child support order. We further hold that, pursuant to Rule 16a(d) of the West Virginia Rules of Procedure for Child Abuse and Neglect Proceedings, a circuit court cannot transfer or remand a child support order that it has entered in an abuse and neglect case to the family court for enforcement or modification.

Applying these holdings and the foregoing authorities to the facts of the case *sub judice*, it is clear that the circuit court did not have the authority to remand this case to the family court for enforcement of its modified order of support through contempt proceedings or for the family court's determination of future child support matters herein insofar as the circuit court entered its modified order in the instant abuse and neglect

13

proceeding and, thus, retained jurisdiction over the same. Moreover, it goes without saying that, as a tribunal of limited jurisdiction, the family court neither has full access to the record giving rise to the order of modified support in the abuse and neglect case nor the authority to modify or reverse the circuit court's child support order. Accordingly, we reverse the July 16, 2013, order of the Circuit Court of Wood County that remanded the case to the Family Court of Wood County for the enforcement of the circuit court's modified child support order through contempt proceedings and directed the family court to hear all future proceedings concerning the enforcement and modification of child support. We further remand this case to the circuit court with directions that it retain jurisdiction over its modified order of child support that it entered in the underlying abuse and neglect case and instructions to the circuit court to see to fruition the pending contempt proceedings as well as any future proceedings concerning the enforcement or modification of said child support order.

Finally, we would be remiss if we did not address the many procedural issues that have come to our attention during our review of the underlying abuse and neglect proceedings. First, and foremost, the order from whence the contempt petition in this case originates, the circuit court's November 21, 2012, "Order of Modified Support" very tersely describes the respondent father's modified support obligation as follows: "Jason L[.]'s current child support obligation shall be reduced in that his current child support obligation shall be Eighty-Two and 83/100 dollars ($82.83) per month effective on the first day of

14

August 1st [sic], 2012[,] and arrearages in the amount of $50.00 (Fifty) dollars per month until paid."

As we noted previously in this opinion, Rule 16a(b) of the West Virginia Rules of Procedure for Child Abuse and Neglect Proceedings *requires* the use of the child support *Guidelines* to calculate an award of child support:

> Any order establishing a child support obligation in an abuse and neglect proceeding *must* use the *Guidelines for Child Support Awards* found in W. Va. Code § 48-13-101, *et seq.* The *Guidelines* may be disregarded, or the calculation of an award under the *Guidelines* may be adjusted, only if the court makes specific findings that use of the *Guidelines* is inappropriate.

W. Va. R. P. Child Abuse & Neglect Proceed. 16a(b) (emphasis added). Use of the *Guidelines* is *mandatory*. "Any order establishing a child support obligation in an abuse or neglect action filed pursuant to Chapter 49 of the *West Virginia Code must* use the *Guidelines for Child Support Awards* found in *W. Va. Code*, 48-13-101, *et seq.*" Syl. pt. 5, *Smith*, 218 W. Va. 480, 624 S.E.2d 917 (emphasis added).

Although both Rule 16a(b) and our prior precedent recognize that use of the *Guidelines* may not be appropriate in a given case, a court still is required to explain why it has chosen not to follow them.

> A circuit court terminating a parent's parental rights pursuant to *W. Va. Code*, § 49-6-5(a)(6), must ordinarily require that the terminated parent continue paying child support for the

15

child, pursuant to the *Guidelines for Child Support Awards* found in *W. Va. Code*, § 48-13-101, et seq. [2001]. If the circuit court finds, in a rare instance, that it is not in the child's best interest to order the parent to pay child support pursuant to the *Guidelines* in a specific case, it may disregard the *Guidelines* to accommodate the needs of the child if the court makes that finding on the record and explains its reasons for deviating from the *Guidelines* pursuant to *W. Va. Code*, § 48-13-702 [2001].

Syl. pt. 2, *In re Ryan B.*, 224 W. Va. 461, 686 S.E.2d 601.

In the circuit court's modified support order, no explanation is given as to whether the *Guidelines* were used or were not used, and, if they were not used, why the court found them to be inapplicable to this case. Therefore, on remand, the circuit court should correct its November 21, 2012, order awarding modified child support to comply with this Court's directives for the calculation of child support in abuse and neglect cases in accordance with the *Guidelines for Child Support Awards* as set forth in Syllabus point 5 of *West Virginia Department of Health and Human Resources, Bureau for Child Support Enforcement v. Smith*, 218 W. Va. 480, 624 S.E.2d 917 (2005), and Syllabus point 2 of *In re Ryan B.*, 224 W. Va. 461, 686 S.E.2d 601 (2009).

Moreover, while it is apparent to this Court that the respondent father's parental rights have been terminated in the circuit court's order of modified support, we are unable to locate an order finally concluding the abuse and neglect proceedings. Rather, the circuit court's November 21, 2012, "Order of Modified Support" succinctly terminates the

16

respondent father's parental rights with a passing reference to the fact that this disposition

was achieved by the agreement of the parties. In so ruling, the circuit court states that

> [c]ounsels for both Mary . . . P[.] and Jason L[.] have entered into an agreement wherein Jason L[.]'s parental rights should be terminated and Jason L[.]'s current child support obligation established by Family Court should be reduced in half.
>
> . . . .
>
> Therefore, it is hereby Adjudged and Ordered:
>
> Jason L[.]'s parental rights shall be terminated.

While we do not believe that the circuit court's failure to render more detailed findings of

fact regarding the termination of Jason's parental rights warrants reversal on this point where

none of the parties have raised the issue on appeal, we do instruct the circuit court, when

composing its corrected order of child support, to thoroughly detail the factual findings

giving rise to its termination of Jason's parental rights. *See* Syl. pt. 2, *State v. T.C.*, 172

W. Va. 47, 303 S.E.2d 685 (1983) ("W. Va. Code, 49-6-1 *et seq.*, does not foreclose the

ability of the parties, properly counseled, in a child abuse or neglect proceeding, to make

some voluntary dispositional plan. However, such arrangements are not without restrictions.

First, the plan is subject to the approval of the court. Second, and of greater importance, the

parties cannot circumvent the threshold question which is the issue of abuse or neglect.").

*See also* Syl. pt. 5, *In re Edward B.*, 210 W. Va. 621, 558 S.E.2d 620 (2001) ("Where it

appears from the record that the process established by the Rules of Procedure for Child

17

Abuse and Neglect Proceedings and related statutes for the disposition of cases involving children adjudicated to be abused or neglected has been substantially disregarded or frustrated, the resulting order of disposition will be vacated and the case remanded for compliance with that process and entry of an appropriate dispositional order.").

Lastly, we cannot discern from the record in this case whether a guardian ad litem has been appointed to represent the subject child. If no such guardian has been appointed, we remind the circuit court of the child's entitlement to such representation and direct that a guardian be so appointed for the minor child in this case. *See* Syl. pt. 5, in part, *In re Jeffrey R.L.*, 190 W. Va. 24, 435 S.E.2d 162 (1993) ("Each child in an abuse and neglect case is entitled to effective representation of counsel. To further that goal, *W. Va. Code*, 49–6–2(a) [1992] mandates that a child has a right to be represented by counsel in every stage of abuse and neglect proceedings. Furthermore, Rule XIII of the *West Virginia Rules for Trial Courts of Record* provides that a guardian *ad litem* shall make a full and independent investigation of the facts involved in the proceeding, and shall make his or her recommendations known to the court. Rules 1.1 and 1.3 of the *West Virginia Rules of Professional Conduct*, respectively, require an attorney to provide competent representation to a client, and to act with reasonable diligence and promptness in representing a client.").

**IV.**

**CONCLUSION**

For the foregoing reasons, we reverse the July 16, 2013, order of the Circuit Court of Wood County and remand this case for further proceedings consistent with this opinion.

Reversed and Remanded.