STATE OF WEST VIRGINIA

IN RE: W.J.

No. 15-0881 (Braxton County No. 13-JA-16)

**FILED**

**November 16, 2016**

**released at 3:00 p.m.**
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

This is the appeal of the petitioner-father, Ronnie B.,[1] through his counsel, Timothy V. Gentilozzi, of the order of the Circuit Court of Braxton County that modified his child support to the monthly sum of Fifty Dollars and No Cents ($50.00), as of July 1, 2015. The respondent-mother, Deborah J., did not appear. The West Virginia Department of Health and Human Resources, Bureau for Child Support Enforcement ("Bureau"), appeared through Kimberly D. Bentley, Assistant General Counsel. W.J., the parties' child, appeared through his guardian ad litem, David Karickhoff. In this appeal, the father does not dispute the amount of his child support; rather, he argues that his child support should have been modified effective August 1, 2014, or January 1, 2015, instead of July 1, 2015.

The Court has considered the parties' briefs, oral arguments, and the record on appeal. Upon consideration of the standard of review, the briefs and the record presented, the Court finds that the circuit court erred in setting the effective date of modification as July 1, 2015, and that this case should be reversed and remanded. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure and is appropriate for a memorandum decision rather than an opinion.

W.J.'s mother and father were divorced by order of the Family Court of Clay County. The most recent Family Court order related to child support was entered on January 7, 2013, and required the father to pay $562.00 per month for the support of W.J. After the entry of that order, the father was injured in a workplace accident, at which time he was unable to work and to pay his child support obligation. In August of 2014, he filed a petition to modify this child support in Clay County. The father did not have an attorney at the time of the filing of the petition for modification. The mother was served with this petition in August of 2014. This petition was dismissed by the Family Court

---

[1] Consistent with our practice in cases involving sensitive matters, we use the child's initials. Since the child is related to the petitioner, we have referred to the petitioner by abbreviating his last name to an initial. *See State v. Edward Charles L.*, 183 W. Va. 641, 645 n.1 398 S.E.2d 123, 127 n.1 (1990); W. Va. R. App. P. 40(e).

1

which found that it had no jurisdiction over this matter because an abuse and neglect proceeding involving the child and the father was then-pending in the Circuit Court of Braxton County.[2]  In the abuse and neglect petition, the West Virginia Department of Health and Human Resources alleged that W.J. was an abused and/or neglected child. W.J.'s mother, Deborah J., was a co-petitioner in this proceeding.[3]  The father's parental rights to W.J. were ultimately terminated by order entered October 8, 2013.[4]

The father hired an attorney, and on January 5, 2015, he filed a petition for modification of child support in the abuse and neglect proceeding in Braxton County Circuit Court.  This petition was served by mail on January 5, 2015, on all parties to the abuse and neglect action, including the Braxton County Prosecuting Attorney, but the Bureau was not served.

A hearing was held by the circuit court on April 27, 2015. This hearing was continued so that the Bureau could be served. The Bureau was served on June 25, 2015. On July 27, 2015, the hearing was reconvened and the circuit court modified the father's child support obligation to $50 per month.  The circuit court also entered a judgment for

---

[2] Family courts do not have jurisdiction over abuse and neglect case. See Syl. pt. 3, *West Virginia Dept. of Health and Human Resources v. Smith*, 218 W. Va. 480, 624 S.E.2d (2005), ("[w]hen a child is the subject of an abuse or neglect or other proceeding in a circuit court pursuant to Chapter 49 of the West Virginia Code, the circuit court, and not the family court, has jurisdiction to establish a child support obligation for that child."). The West Virginia Rules of Procedure for Child Abuse and Neglect Proceedings also provide that once the circuit court enters an order awarding or modifying child support, the circuit court retains jurisdiction over this child support order, and further, that a circuit court may not transfer or remand a child support order that it has entered in an abuse and neglect case to the family court for enforcement or modification. *See* syl. pts. 5 and 6, *In re J.L.*, 234 W. Va. 116, 763 S.E.2d 116 (2014).

[3] Two or more parties, including the Department of Health and Human Services and a non-abusing parent, may institute an abuse and neglect petition. *See* R. of P. for Child Abuse and Neglect Proceedings 17(a). In this case, the mother was a non-offending parent co-petitioner.

[4] Despite the termination of the father's parental rights, the obligation to pay child support may continue. *See* syl. pt. 2, in part, *In re Ryan B.*, 224 W. Va. 461, 686 S.E.2d 601 (2009) ("A circuit court terminating a parent's parental rights pursuant to W. Va. Code, § 49-6-5(a)(6), must ordinarily require that the terminated parent continue paying child support for the child, pursuant to the *Guidelines for Child Support Awards . . . .*").

past-due child support in the amount of $5,489.77, of which $116.80 was interest.[5] The circuit court set the effective date for the child support modification as July 1, 2015.

The father appeals the circuit court's order, arguing that the modification should have been effective on either August 1, 2014, the month in which he filed the original modification in the Family Court of Clay County, or January 1, 2015, the month in which he filed the petition for modification in the Braxton County abuse and neglect case. Our standard of review of the circuit court's decision was articulated in syllabus point 1 of *In the Interest of Tiffany Marie S.*, 196 W. Va. 223, 470 S.E.2d 177 (1996), as follows:

> Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding the circuit court's account of the evidence is plausible in light of the record viewed in its entirety.

The sole issue before this Court is whether the circuit court properly established July 1, 2015, as the effective date for modification of the father's child support. The Bureau submits that the effective date should be January of 2015, the month in which the parties were served notice of the filing of the petition for modification of the abuse and neglect order. The guardian urges this Court to affirm the circuit court's July 1, 2015, effective date of the modification.

Prior to the establishment of Family Courts and the Rules of Practice and Procedure for Family Court, this Court addressed the issue of retroactivity of child support modifications in syllabus point 2 of *Goff v. Goff*, 177 W. Va. 742, 356 S.E.2d 496 (1987). There, we stated that "[t]he authority of the circuit courts to modify alimony or child support awards is prospective only and, absent a showing of fraud or other judicially cognizable circumstance in procuring the original award, a circuit court is without authority to modify or cancel accrued alimony or child support installments." Syl. pt. 2, *id*. In syllabus point 2 of *Hayhurst v. Shepard*, 219 W. Va. 327, 633 S.E.2d 272 (2006), we modified syllabus point 2 of *Goff* to reflect the creation of the family court:

---

[5] The circuit court further ordered that the father pay an additional $50 per month toward the past-due child support.

3

The authority of a family court to modify a spousal support or child support award is prospective only and, absent a showing of fraud or other judicially cognizable circumstance in procuring the original award, a family court is without authority to modify or cancel accrued alimony or child support installments.

In addition to these two cases, additional guidance to courts on the effective date of modifications is found in this Court's rules of procedure for family courts. Rule 23 of the Rules of Practice and Procedure for Family Court ("Rule 23") provides that "[e]xcept for good cause show, orders granting relief in the form of spousal support or child support shall make relief retroactive to the date of service of the motion for relief."

We recognize that the family court rules are not directly applicable to circuit court proceedings; however, in the matter of child support establishment in abuse and neglect cases, we have directed circuit courts to follow the Child Support Guidelines used by family courts. This Court held in syllabus point 5 of *State of West Virginia, Department of Health and Human Resources, Bureau for Child Support Enforcement v. Smith*, 218 W. Va. 480, 624 S.E.2d 917 (2005), that "[a]ny order establishing a child support obligation in an abuse or neglect action filed pursuant to Chapter 49 of the *West Virginia Code* must use the *Guidelines for Child Support Awards* [("Guidelines")] found in *W.Va. Code*, 48–13–101, *et seq.*" We believe that the requisite use of the Guidelines lends support to the proposition that the retroactivity provisions of the family court rules should necessarily apply to the establishment of child support in abuse and neglect proceedings in circuit court.

Therefore, in applying Rule 23's directives to the circuit court's modification of child support, we determine that the circuit court erred when it established the effective date of the father's child support modification as July 1, 2015. It is undisputed that service was made on all parties to the abuse and neglect proceeding in January of 2015. Service was effectuated on the prosecuting attorney of Braxton County, who represents the interests of the Department of Health and Human Services, of which the Bureau is a division. The circuit court erroneously determined that service still had to be made upon the Bureau, which was not accomplished until June of 2015. Counsel for the Bureau argued that the Bureau does not need to be served in a modification proceeding. Rule 10(e) of the Rules of Practice and Procedure for Family Court specifically provides that "[s]ervice on the child support enforcement agency shall not constitute service on or notice to any other party."

With respect to father's argument that the effective date of the modification of his child support should be August 1, 2014, we disagree. This date represents father's filing of his petition for modification of child support with the Family Court in Clay County, a petition which was subsequently dismissed for lack of jurisdiction by the family court. Because the petition for modification was filed in the wrong court, Rule 23 provides no support for retroactivity of any modification to August 2014.

4

However, we find that Rule 23 fully supports father's argument that his subsequent filing of his petition to modify the abuse and neglect order in Braxton County and the service of such petition by mail on January 5, 2015, on all parties to the abuse and neglect action, including the Braxton County Prosecuting Attorney, justifies retroactivity of the modification of his support obligation. While the Bureau itself did not receive notice at that time, the Bureau was not then a party to the abuse and neglect proceeding. Indeed, the Bureau itself acknowledges that the effective date for modification could be January of 2015, the month in which the parties were served notice of the filing of the petition for modification of the abuse and neglect order.

There being no good cause to the contrary, we find and conclude that Rule 23 should govern retroactivity in this matter and that the effective date of the father's child support modification should be January 1, 2015, representing the first day of the month service of the petition was made. The order of the Circuit Court of Braxton County is reversed, and this matter is remanded for entry of an order modifying the father's child support effective as of January 1, 2015. The circuit court is also ordered to recalculate the child support arrearage in light of the effective date of the child support modification.

Reversed and remanded with directions.

**ISSUED:**

**CONCURRED IN BY:**

Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II

**DISSENTING WITHOUT WRITING SEPARATELY:**

Chief Justice Menis E. Ketchum