IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

REBECCA C.,
**Petitioner Below, Petitioner**

**FILED**
**November 1, 2023**

EDYTHE NASH GAISER, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**vs.) No. 22-ICA-319**          (Bd. of Review No. 22-BOR-2508)

**WEST VIRGINIA DEPARTMENT OF**
**HEALTH AND HUMAN RESOURCES,**
**Respondent Below, Respondent**

**MEMORANDUM DECISION**

Petitioner Rebecca C.[1] appeals the November 21, 2022, dismissal order of the West Virginia Department of Health and Human Resources' Board of Review ("Board of Review"). Respondent West Virginia Department of Health and Human Resources ("Department") filed its response.[2] Rebecca C. filed a reply. The issue on appeal is whether the Board of Review erred in dismissing Rebecca C.'s administrative appeal based on untimeliness.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the Board of Review's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On June 2, 2015, the Department received a referral regarding alleged abuse and/or neglect by Rebecca C. upon a child in her home. By letter dated October 21, 2015, the Department notified Rebecca C. that an investigation had substantiated a finding of maltreatment against her, resulting in a case being opened, with the Department to provide services in the home.[3] This letter also explained that Rebecca C. had a right to contest these

---

[1] To protect the confidentiality of the juveniles involved in this case, we refer to the parties' last names by the first initial. *See, e.g.*, W. Va. R. App. P. 40(e); *State v. Edward Charles L.*, 183 W. Va. 641, 645 n.1, 398 S.E.2d 123, 127 n. 1 (1990).

[2] Rebecca C. is self-represented. The Department is represented by Angela Alexander Walters, Esq.

[3] The nature or extent of these services is unclear from the record, but this lack of clarity has no bearing on our decision herein.

1

findings by filing an administrative appeal within sixty days of the date of the letter, and that if she failed to timely file an appeal, she would be waiving her right to the same. No appeal was filed by Rebecca C. within the sixty-day timeframe, and her receipt of the letter is not in dispute.

According to Rebecca C., she was under the impression that the substantiation was removed from her record following a family court hearing in March of 2016. Rebecca C. claims she first learned that the finding of maltreatment was still on her record when her employer discovered it following a background check. Rebecca C. works in the healthcare field as a certified nursing assistant ("CNA") and maintains that this adverse finding threatens her livelihood.

On November 16, 2022, Rebecca C. filed her request for an administrative hearing with the Department regarding the 2015 maltreatment substantiation. On November 21, 2022, the Board of Review entered a dismissal order, concluding that it lacked authority to address the finding of maltreatment. The Board of Review found that Rebecca C. had failed to file her appeal within sixty days, despite having notice of this appeal deadline in the October 21, 2015, letter. It is from this order that Rebecca C. now appeals.

This appeal is governed by the following standard of review:

> The court may affirm the order or decision of the agency or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the agency if the substantial rights of the petitioner or petitioners have been prejudiced because the administrative findings, inferences, conclusions, decision, or order are:
> (1) In violation of constitutional or statutory provisions;
> (2) In excess of the statutory authority or jurisdiction of the agency;
> (3) Made upon unlawful procedures;
> (4) Affected by other error of law;
> (5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
> (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

W. Va. Code § 29A-5-4(g) (2021); *accord* W. Va. Code § 16-1-22a(c) (2023) (designating West Virginia Code § 29A-5-4 as governing standard of review for Board of Review appeals); W. Va. Code § 49-4-601b(b) (2020) (a person has right to appeal Board of Review decision to court designated under West Virginia Code § 29A-5-1 to -5).

As a preliminary matter, we note that Rebecca C.'s appeal contains several assignments of error related to the merits of the Department's substantiation itself, including that she had no contact from the Department following receipt of its letter in

October of 2015. However, because the Board of Review's order does not rule on the merits, but rather, dismisses her administrative appeal as untimely filed, our review is limited solely to whether the Board of Review erred in finding her administrative appeal was time barred.

On this issue, Rebecca C. argues a timely appeal would have been filed if she had known that the maltreatment finding was still on her record. Based on her understanding of an agreement made in family court, she believed those findings had been removed from her record.[4] It was also averred that this finding was not found on her record when she renewed her CNA certification in 2018, nor was it discovered through other employer background checks since 2015. In sum, Rebecca C. concedes that the appeal should have been filed within sixty days, but due to her mistaken belief that the matter had been resolved, she did not timely file an administrative appeal.[5]

From the outset, we find Rebecca C.'s argument that she was under the mistaken belief that the matter was resolved in family court to be unavailing. First, there is nothing in the record that expressly supports this contention. Next, family courts are courts of limited jurisdiction and do not have jurisdiction over abuse and neglect matters, including the Department's finding of maltreatment. *See* W. Va. Code § 51-2A-2 (2018) (setting forth family courts are courts of limited jurisdiction and establishing scope of family courts' authority); *Leann H. v. Theophilus C.*, No. 22-ICA-65, 2023 WL 152885, at *3 (W. Va. Ct. App. Jan. 10, 2023) (memorandum decision) (discussing limited authority of family courts). Instead, circuit courts have exclusive jurisdiction over child abuse and neglect matters, and the family courts are required to defer to the circuit courts in such matters. *See generally In re J.L.*, 234 W. Va. 116, 120-121, 763 S.E.2d 654, 658-659 (2014). Further, Rebecca C. fails to cite to any authority that her mistaken belief excuses her failure to timely file her appeal.

---

[4] The record does not provide any specifics about the nature of this alleged agreement, i.e., the parties to the agreement or the terms of the same.

[5] Rebecca C. also argues that following her receipt of the Department's letter in October of 2015, she had no further contact with the Department and no services were offered, despite Department policy requiring those services commence within thirty days; and throughout her appeal, she repeatedly quotes that "[t]o close a case ongoing, CPS must make a definitive determination that a safe home exists." However, Rebecca C. fails to cite the source of these purported authorities as required by our Appellate Rules. *See* W. Va. R. App. P. 10(c). Further, in both instances, Rebecca C. fails to articulate how these arguments apply to the relevant issue on appeal, viz. the timeliness of her appeal. Nevertheless, we find neither argument has any bearing on our decision herein.

Upon review, we find no error in the Board of Review's dismissal of Rebecca C.'s administrative appeal based on untimeliness. West Virginia Code of State Rules §§ 78-27-1 to -7 (2021) establish the procedure to contest Department substantiations of maltreatment.[6] West Virginia Code of State Rules § 78-27-6.1.2 requires the appeal to be filed with the Department within sixty days of receipt of the notice of substantiated maltreatment. In this case, Rebecca C. does not dispute receipt of notice and concedes that she was aware of the sixty-day appeal deadline. Despite this knowledge, she waited over seven years to file her appeal. Consequently, after the expiration of the sixty-day timeframe, the Board of Review no longer had jurisdiction over an appeal of this decision. Therefore, the Court finds the Board of Review properly dismissed the matter as untimely filed.

Accordingly, we affirm the Board of Review's November 21, 2022, dismissal order.

Affirmed.

**ISSUED:** November 1, 2023

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Thomas E. Scarr
Judge Charles O. Lorensen

---

[6] Although these rules were not effective until July 1, 2021, West Virginia Code of State Rules § 78-27-4 (2021) provides that these rules apply to all Department substantiations of maltreatment on or before July 1, 2021.