# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Donny B.,**
**Petitioner Below, Petitioner**

**vs)   No. 19-0149** (Mercer County 06-D-408)

**Bureau of Child Support Enforcement of West Virginia, and**
**Marcella W.,**
**Respondents Below, Respondents**

**FILED**

**October 18, 2019**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Donny B.,[1] pro se, appeals the January 15, 2019, order of the Circuit Court of Mercer County denying petitioner's appeal from the November 8, 2018, final order entered by the Family Court of Mercer County finding that petitioner had a child support arrearage in the amount of $19,818.86. Respondent Marcella W., pro se, filed a response in support of the circuit court's order.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

The parties have a sixteen-year-old child together. On June 7, 2006, the West Virginia Bureau of Child Support Enforcement ("BCSE") filed a petition in the Family Court of Mercer County to establish the child's paternity and petitioner's child support obligation. By order entered on September 29, 2006, the family court found that a paternity test established that petitioner was the child's father and directed him to pay $170 per month in child support. Respondent and the child subsequently moved to Tennessee. In July of 2011, respondent requested the BCSE to close

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *In re Jeffrey R.L.*, 190 W.Va. 24, 435 S.E.2d 162 (1993); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

1

the parties' child support case in this State. The BCSE closed the case in October of 2011.

On October 6, 2017, the BCSE received a request from the Tennessee Child Support Enforcement Division for certified copies of the September 29, 2006, order and petitioner's child support arrearage statement. The BCSE transmitted the certified copies on December 12, 2017. On April 2, 2018, a child support case was opened in Tennessee, and a hearing was scheduled for October 15, 2018, to register the September 29, 2006, order in that State. However, the October 15, 2018, hearing in Tennessee was postponed due to petitioner's requests pending in West Virginia to vacate the September 29, 2006, order and invalidate his accrued child support arrearage. The Family Court of Mercer County, West Virginia, held a hearing on October 18, 2018, to consider petitioner's requests.[2]

In anticipation of the October 18, 2018, hearing, the BCSE transmitted a report summarizing the parties' child support case to the family court on October 11, 2018. Petitioner prepared a response to the BCSE's report, in which he acknowledged that he received the report on October 15, 2018. Following the hearing, by order entered on November 8, 2018, the family court rejected petitioner's request to vacate the September 29, 2006, order, finding that "[petitioner] was properly served and . . . voluntarily participated in the genetic testing to verify paternity" and "[petitioner]'s claim that he did not understand that child support would also be established is not supported by the record." With regard to petitioner's request to invalidate his accrued child support arrearage, the family court found that the basis for this claim was petitioner's belief that the BCSE's closure of the parties' West Virginia case terminated his child support obligation and arrearage. The family court rejected that argument and refused to invalidate petitioner's accrued child support arrearage. However, the family court reduced the arrearage amount from $22,194.25 to $19,818.86, finding that collection of any arrears that accrued prior to November of 2008 was barred by the applicable ten-year statute of limitations set forth in West Virginia Code § 38-3-18. Petitioner appealed the family court's November 8, 2018, order, which the Circuit Court of Mercer County denied by order entered on January 15, 2018. Petitioner now appeals the circuit court's January 15, 2018, order.

In Syllabus Points 1, 4, 5, and 6 of *Skidmore v. Skidmore*, 225 W. Va. 235, 691 S.E.2d 830 (2010), we held:

> "'In reviewing a final order entered by a circuit judge upon a review of, or upon a refusal to review, a final order of a family court judge, we review the findings of fact made by the family court judge under the clearly erroneous standard, and the application of law to the facts under an abuse of discretion standard. We review questions of law *de novo*.' Syllabus, *Carr v. Hancock*, 216 W.

---

[2]The family court also considered respondent's request to establish parenting time between the parties at the October 18, 2018, hearing. The family court designated respondent as the primary residential parent and directed that, pursuant to the parties' agreement, petitioner shall have parenting time with the child during the summer, spring break, and Christmas vacation, in addition to telephone visitation on weeknights after 5:00 p.m. and at any time during the weekends. Petitioner does not assign error to the parenting schedule.

2

Va. 474, 607 S.E.2d 803 (2004)." Syllabus point 1, *Staton v. Staton*, 218 W. Va. 201, 624 S.E.2d 548 (2005).

. . . .

"The authority of a family court to modify a spousal support or child support award is prospective only and, absent a showing of fraud or other judicially cognizable circumstance in procuring the original award, a family court is without authority to modify or cancel accrued alimony or child support installments." Syllabus point 2, *Hayhurst v. Shepard*, 219 W. Va. 327, 633 S.E.2d 272 (2006).

"An appellant must carry the burden of showing error in the judgment of which he complains. This Court will not reverse the judgment of a trial court unless error affirmatively appears from the record. Error will not be presumed, all presumptions being in favor of the correctness of the judgment." Syllabus point 5, *Morgan v. Price*, 151 W. Va. 158, 150 S.E.2d 897 (1966).

"[T]he Supreme Court of Appeals is limited in its authority to resolve assignments of nonjurisdictional errors to a consideration of those matters passed upon by the court below and fairly arising upon the portions of the record designated for appellate review." Syllabus point 6, in part, *Parker v. Knowlton Construction Co.*, 158 W. Va. 314, 210 S.E.2d 918 (1975).

On appeal, petitioner raises four assignments of error: (1) the family court erred in failing to admit the evidence contained in petitioner's response to the BCSE's October 11, 2018 report, while providing the BCSE and respondent with that evidence to use against petitioner; (2) the family court erred in basing its November 8, 2018, order on evidence not disclosed to petitioner; (3) the family court erred in denying all of petitioner's requests for documents; and (4) the family court erred in refusing to invalidate petitioner's accrued child support arrearage.[3] We find that petitioner fails to provide any statutory and case law or any specific citations to the appellate record in support of his arguments.

In *State v. LaRock*, 196 W. Va. 294, 302, 470 S.E.2d 613, 621 (1996), we stated that "[a]lthough we liberally construe briefs in determining issues presented for review, issues which are not raised, and those mentioned only in passing but are not supported with pertinent authority, are not considered on appeal." *See State v. Lilly*, 194 W. Va. 595, 605 n.16, 461 S.E.2d 101, 111 n.16 (1995) (finding that cursory treatment of an issue is insufficient to raise it on appeal). Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure further provides: "The argument must contain appropriate and specific citations to the record on appeal, including citations that pinpoint when and how the issues in the assignments of error were presented to the lower tribunal. The Court may disregard errors that are not adequately supported by specific references to the record

---

[3]Respondent argues that the family court's November 8, 2018, final order should be affirmed.

on appeal." *See State v. Honaker*, 193 W. Va. 51, 56 n.4, 454 S.E.2d 96, 101 n.4 (1994) (stating that we "take as non[-]existing all facts that do not appear in the designated record and will ignore those issues where the missing record is needed to give factual support to the claim").[4]

Here, pursuant to Rule 10(c)(7), we disregard petitioner's assignments of error except his argument, set forth in his second assignment of error, that the family court based its November 8, 2018, order, on evidence not disclosed to petitioner. We consider that issue given petitioner's contention that the BCSE provided evidence to the family court *after* the October 18, 2018, hearing that petitioner was informed in 2011 that the closure of the parties' West Virginia case would not terminate his child support obligation and arrearage. *See* Syl. Pt. 3, *Brittany S. v. Amos F.*, 232 W. Va. 692, 753 S.E.2d 745 (2012) (holding that due process of law requires notice and an opportunity to be heard); Syl. Pt. 2, *Simpson v. Stanton*, 119 W. Va. 235, 193 S.E. 64 (1937). Petitioner concedes that the BCSE included a notation in the October 11, 2018, report that his child support arrearage had not been "zeroed [out] in any court proceeding or otherwise satisfied." Therefore, we find that petitioner knew of the issue and had the opportunity to address it at the hearing. Petitioner states that the family court found that his argument that the closure of the parties' West Virginia case terminated his child support obligation and arrearage was "irrelevant." We find that the family court's refusal to invalidate petitioner's accrued child support arrearage was correct given our previous holdings that the family court's authority to modify a child support order is prospective only and that the family court is without authority to modify or cancel an accrued child support arrearage. *See* Syl. Pt. 4, *Skidmore*, 225 W. Va. at 237, 691 S.E.2d at 832; Syl. Pt. 2, *Hayhurst*, 219 W. Va. at 328, 633 S.E.2d at 273. Accordingly, we conclude that the family court did not abuse its discretion in finding that petitioner had a child support arrearage in the amount of $19,818.86.

For the foregoing reasons, we affirm the circuit court's January 15, 2019, order denying petitioner's appeal from the family court's November 8, 2018, final order finding that petitioner had a child support arrearage in the amount of $19,818.86.

Affirmed.

**ISSUED:** October 18, 2019

**CONCURRED IN BY:**

Chief Justice Elizabeth D. Walker
Justice Margaret L. Workman
Justice Tim Armstead
Justice Evan H. Jenkins
Justice John A. Hutchison

---

[4]On February 19, 2019, petitioner informed this Court that a transcript of the October 18, 2018, family court hearing was not necessary for our consideration of his assignments of error. Subsequently, by order entered on March 5, 2019, we granted petitioner's motion to designate a record and directed the Circuit Clerk of Mercer County to transmit to this Court those items included in petitioner's designation. We received the designated record on April 12, 2019.

4