# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**Charles F. K., Jr.,**
**Respondent Below, Petitioner**

**FILED**

**April 8, 2016**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs)  No. 15-0462** (Kanawha County 07-D-1933)

**Sigal L. K.,**
**Petitioner Below, Respondent**

## MEMORANDUM DECISION

Petitioner-husband Charles F. K., by counsel G. Wayne Van Bibber, appeals the order of the Circuit Court of Kanawha County, entered on April 20, 2015, denying petitioner-husband's petition for appeal from an order of the Family Court of Kanawha County. Respondent-wife Sigal L. K. appears by counsel Andrew S. Nason.[1]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the order of the circuit court is appropriate under Rule 21 of the Rules of Appellate Procedure.

The parties were married in Kanawha County in 1997, and three sons were born during the marriage. The marriage was dissolved by final order entered in the Family Court of Kanawha County on November 12, 2008, and the court deemed respondent-wife the primary custodial parent of the children.[2] The parties agree that respondent-wife practices the Jewish faith and petitioner-husband, though he converted to Judaism prior to the marriage, now practices Christianity with his current spouse. No explicit provision regarding the children's faith or expenses for extracurricular activities was contained in the divorce decree. Late in 2014, respondent-wife filed a motion to modify and motion for judgment asking the family court for, among other relief, a judgment of $578.50 for expenses for their middle son's bar mitzvah that occurred the prior year.

---

[1] Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015) (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

[2] Petitioner-husband is now the primary custodial parent of the oldest child.

After conducting a hearing, the family court entered an order on January 7, 2015, awarding respondent-wife $570 to cover a portion of the bar mitzvah expenditures. The family court also found that "the parties have agreed to raise all three sons in the Jewish religion" and "the [c]ourt should not be involved with changing the parties' agreement in their parenting plan as to the religious training and education of the children." Petitioner-husband filed a petition for appeal with the Circuit Court of Kanawha County, and the petition was denied by order entered on April 20, 2015.

On appeal before this Court, petitioner-husband asserts five assignments of error. He argues that the family court erred in: (1) finding that he was responsible for $570 in bar mitzvah expenses and in awarding the same to respondent-wife; (2) finding that the parties agreed to raise the children in the Jewish faith; (3) finding that an agreement regarding religious upbringing is enforceable; (4) finding that the children had to be raised in the same manner in which they were raised prior to the parties' separation; and (5) directing that he actively participate in the Jewish religion. We have explained:

> "In reviewing a final order entered by a circuit court judge upon a review of, or upon a refusal to review, a final order of a family court judge, we review the findings of fact made by the family court judge under the clearly erroneous standard, and the application of law to the facts under an abuse of discretion standard. We review questions of law *de novo*." Syllabus, *Carr v. Hancock*, 216 W.Va. 474, 607 S.E.2d 803 (2004).

Syl. Pt. 1, *Skidmore v. Rogers*, 229 W. Va. 13, 15, 725 S.E.2d 182, 184 (2011). With this standard in mind, we proceed to consider petitioner-husband's assignments of error.

With regard to petitioner-husband's first assignment of error, we find that the family court's findings of fact—in part, that "both parents knew what was going on [in planning the bar mitzvah], both parents were involved in some level, [and] both parents participated in the religious ceremony"—are not clearly erroneous. In light of these findings, the family court did not abuse its discretion in awarding respondent-wife a portion of the amount that she spent to arrange their son's bar mitzvah.

Inasmuch as petitioner-husband addresses his remaining assignments of error with a single argument, we likewise combine those assignments of error for consideration.[3] The common issue is the extent of each party's obligation to further the religious upbringing of the children. We find that this issue is resolved by the family court's agreed replacement order, entered on February 20, 2014, and not appealed by either party, wherein the family court, in part, directed that respondent-wife pay 65% and petitioner-husband pay 35% of "any expenses associated with the synagogue, Hebrew classes, bar mitzvahs (subject to shared decision-

---

[3] We note, however, we need not address petitioner-husband's fifth assignment of error (in which he argues that the family court directed him to actively participate in the Jewish religion), because the family court's order placed no such requirement on petitioner-husband.

2

making) and their Jewish upbringing. . .” and further directed that “[t]he major decisions concerning . . . religious upbringing shall be made jointly by the [m]other and [f]ather.”[4] This order sufficiently conveys the parties’ agreed-upon obligations with respect to the religious upbringing of their children after February of 2014, and supports the family court’s finding that both parties intended that the children would actively participate and receive instruction in the Jewish faith. There is no evidence in the appendix record on appeal that either party failed in this regard.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:  April 8, 2016**

**CONCURRED IN BY:**

Chief Justice Menis E. Ketchum
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman

**CONCURRING, IN PART, DISSENTING, IN PART, AND WRITING SEPARATELY:**

Justice Allen H. Loughry II

Loughry, Justice:

I concur with the majority’s decision insofar as it finds the evidence supports the family court’s ruling that the parties agreed to raise their sons in the Jewish faith.  The family observed this religion during the parties’ marriage, and the petitioner permitted the children to continue in this faith after the divorce.  Moreover, it is absurd for the petitioner to assert that the family court “directed him to actively participate in the Jewish religion.”  In its January 9, 2015, order, the family court merely “encourage[d] the parents to continue to actively participate” in their children’s activities.  Nothing about the family court’s statement of encouragement required petitioner to observe or practice any religion.

I dissent to the majority’s decision to the extent that it affirms the lower tribunals’ rulings requiring the petitioner to pay $570 in expenses.  When the parties’ middle son had a bar mitzvah on December 1, 2013, there was no court order in place requiring the petitioner to pay any expenses toward his children’s religious upbringing.  Furthermore, prior to that date, the respondent had not filed any pleadings seeking such payments.  An agreed order requiring the

---

[4] Petitioner maintains that this provision only requires him to contribute to the bar mitzvah expenses for his third son, inasmuch as the bar mitzvah for his second son occurred prior to its entry. Having found the family court’s award sufficient on other grounds, we need not consider the application of this order to petitioner’s first assignment of error.

3

petitioner to pay a portion of the costs of the children's religious and extracurricular activities was not entered until February 20, 2014—two and one-half months after the bar mitzvah. Nonetheless, the family court entered a judgement order on January 9, 2015, requiring the petitioner to pay $570 to the respondent as his share of the December 1, 2013, bar mitzvah expenses.

By requiring the petitioner to pay expenses that the then-existing family court orders had not directed him to pay, the family court retroactively modified a child support obligation.[5] Our law is well-settled that "[t]he authority of a family court to modify a spousal support or child support award is prospective only." Syl. Pt. 2, in part, *Skidmore v. Skidmore*, 219 W.Va. 327, 633 S.E.2d 272 (2006). Therefore, the petitioner should not have been ordered to pay any portion of the expenses of the 2013 bar mitzvah.

For the foregoing reasons, I respectfully concur, in part, and dissent, in part.

---

[5]The respondent attempts to argue that the February 20, 2014, order was made retroactive by another family court order entered on March 28, 2014. This argument is not supported by the appendix record. The March 2014 order directed the parties to use 2013 income information for purposes of recalculating the respondent's child support obligation as of March 1, 2014. Child support was modified in March 2014 because the family court ordered that the petitioner would become the primary residential parent of the parties' oldest child. The March 2014 order also directed the parties to continue paying their respective shares of the children's expenses, but made no mention of any retroactivity.