# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**WELLINGTON WAYNE BUTLER,**
**Respondent Below, Petitioner**

**vs.)  No. 22-ICA-176**       (Fam. Ct. Preston Cnty. No. 99-D-127)

**ROSE M. SIGLEY AND THE WEST VIRGINIA DEPARTMENT OF HEALTH AND HUMAN RESOURCES, BUREAU FOR CHILD SUPPORT ENFORCEMENT,**
**Petitioner Below, Respondents**

## MEMORANDUM DECISION

Petitioner Wellington Wayne Butler (hereinafter "Butler") appeals the order entered by the Family Court of Preston County on September 13, 2022. In that order, the family court denied the relief requested by Butler in his motion to dismiss, objection to judgment order, and claim of estoppel, and request for a temporary restraining order and preliminary injunction. Respondent West Virginia Department of Health and Human Resources, Bureau for Child Support Enforcement (hereinafter "BCSE"), responded in support of the family court's ruling. Respondent Rose M. Sigley (hereinafter "Sigley") did not file a response.[1] Butler filed a reply.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the family court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Butler and Sigley were divorced by order entered on January 3, 2001. Pursuant to the order, Butler was ordered to pay Sigley permanent alimony in the amount of $500.00 per month effective November 1, 2000, until the death or remarriage of Sigley. Butler stopped making payments in September of 2002. No further payments were made until September 2022.

---

[1] Petitioner is self-represented. Respondent Sigley is self-represented. Respondent BCSE is represented by Jennifer K. Akers, Esq.

On February 26, 2002, a decretal judgment was entered related to Butler's spousal support arrearages. Subsequently, on November 9, 2011, a writ of execution was issued. The last date of return from the sheriff on the writ was on August 19, 2013. Years later, on February 8, 2022, another motion for decretal judgment was filed by BCSE. A hearing on the motion was scheduled for April 7, 2022. However, it was continued to June 2, 2022. Prior to the hearing, Butler requested that his spousal support be terminated, the statute of limitations be applied to his arrears, and that Sigley reimburse him for his travel expenses. At the hearing, the family court presumably ruled from the bench that Butler owed Sigley money for past due arrears for spousal support since November 1, 2000.[2] On June 27, 2022, before entry of an order, Butler filed his notice of objection to judgment filed, wherein he raised the new claim related to the return of a writ of execution pursuant to West Virginia Rule of Civil Procedure 69.

On August 12, 2022, the family court, applying Rule 69 of the West Virginia Rules of Civil Procedure, modified its earlier ruling and held that the November 9, 2011, writ of execution was returnable no later than February 7, 2012.[3] Therefore, the court held that the motion for decretal judgment filed on February 8, 2022, was filed more than ten years following the return deadline of February 7, 2011, and any arrears accrued prior to February 8, 2012, fell outside the statute of limitations and were uncollectable. The family court ordered a decretal judgment in the amount of $77,707.86 for arrears from February 8, 2012, to July 31, 2022. In addition, the family court modified Butler's spousal support to $0.00, effective May 1, 2022, and denied all further relief request by Butler.

Following entry of the August 12, 2022, order, Butler filed a motion to dismiss the judgment order, objection to the judgment order and a claim of estoppel, and a request for a temporary restraining order and preliminary injunction. In essence, these motions amount to a motion to reconsider under Rule 25 of the West Virginia Rules of Practice and Procedure for Family Court. By order entered September 13, 2022, the family court held the documents, on their face, failed to state a claim upon which relief may be granted. The family court noted that the recent filings by Butler sought to introduce as new matters, events that happened years prior to his petition to modify spousal support and that the claims were untimely and barred from consideration. Further, the family court noted that Butler sought to raise some of the same matters and arguments that were raised in the June 2, 2022, hearing. The family court explained during the June 2, 2022, hearing that such matters were barred from consideration by the family court. It is from the September 13,

---

[2] Specific information about this ruling was not included in the record on appeal.

[3] The family court treated Butler's notice of objection to the judgment as a motion to reconsider pursuant to Rule 25 of West Virginia Rules of Practice and Procedure for Family Court. This Court notes that the last date of return on the writ was February 7, 2012, however, the family court's order listed it as February 7, 2011.

2022, order denying the motion to reconsider that Butler now appeals. Our standard of review is as follows:

> "In reviewing…a final order of a family court judge, we review the findings of fact made by the family court judge under the clearly erroneous standard, and the application of law to the facts under an abuse of discretion standard. We review questions of law *de novo*." Syl. Pt. [in part,] *Carr v. Hancock*, 216 W. Va. 474, 607 S.E.2d 803 (2004).

*Amanda C. v. Christopher P.*, No. 22-ICA-2, __ W. Va. __, __, __ S.E.2d, __, __, 2022 WL 17098574, at *3 (Ct. App. Nov. 18, 2022); *accord* W. Va. Code § 51-2A-14(c) (2005) (specifying standards for appellate court review of family court order).

On appeal, Butler argues a litany of assignments of error. First, Butler argues that the Preston County Circuit Clerk's Office and BCSE staff were grossly negligent in the service of the writ of execution that was issued on November 9, 2011, under Rule 69 of the West Virginia Rules of Civil Procedure. Rule 69 (a)(1) states that "a writ of execution shall be made returnable no less than 30 days nor more than 90 days after issuance, as directed by the person procuring issuance of the writ…." However, Butler's argument regarding the 2011 writ of execution is moot as the family court found that all arrears accrued prior to February 8, 2012, were uncollectable per the statute of limitations.[4]

Second, Butler argues that the family court erred by failing to apply the doctrine of equitable estoppel and by concluding that the new evidence he presented happened years prior to his petition to modify spousal support and is thus time barred. However, Butler fails to explain how the doctrine of equitable estoppel is applicable to the case at hand. Further, Butler fails to explain how he relied on or was prejudiced by the alleged actions of Sigley and/or BCSE as required by equitable estoppel under West Virginia law. *See* Syl. Pt. 6, *Stuart v. Lake Washington Realty Corp.,* 141 W. Va. 627, 92 S.E.2d 891 (1956) (stating the general elements of equitable estoppel, including that the person who asserts it must have been prejudiced). Moreover, the orders of the Preston County Family Court do

---

[4] West Virginia Code § 38-3-18(a) (2008) provides that:

On a judgment, execution may be issued within ten years after the date thereof. Where execution issues within ten years as aforesaid, other executions may be issued on such judgment within ten years from the return day of the last execution issued thereon, on which there is no return by an office, or which has been returned unsatisfied.

not mention equitable estoppel at all. Accordingly, equitable estoppel is not a proper subject for reconsideration.

Third, Butler argues that Rule 60(b)(3) of the West Virginia Rules of Civil Procedure should prevent the family court from granting a decretal judgment in this case due to some fraudulent activity on behalf of Sigley and/or BCSE.[5] The family court ruled that they would not consider Butler's testimony regarding alleged fraud because more than twenty years had elapsed since the activities took place, and the two-year statute of limitation period set forth in West Virginia Code § 55-2-12 (1959) applies to fraud claims. *See Dunn v. Rockwell*, 225 W. Va. 43, 53, 689 S.E.2d 255, 268 (2009). We agree.

Additionally, the Supreme Court of Appeals of West Virginia held in Syllabus Point 1, *Lengyel v. Lint*, 167 W. Va. 272, 280 S.E.2d 66 (1981):

> The essential elements in an action for fraud are: (1) that the act claimed to be fraudulent was the act of the defendant or induced by him; (2) that it was material and false; that plaintiff relied upon it was and justified under the circumstances in relying upon it; and (3) that he was damaged because he relied upon it.

(citation omitted). Butler fails to explain why the Court should allow him to present time barred evidence about the alleged actions of Sigley, and how those actions apply to the elements of fraud. Again, Butler also fails to explain how he was harmed or prejudiced by the alleged actions or inaction of Sigley and/or BCSE that occurred more than ten years ago. "[A]bsent a showing of fraud or judicially cognizable circumstance in procuring the original award, a family court is without authority to modify or cancel accrued" spousal support. Syl. Pt. 2, *Hayhurst v. Shepard*, 219 W. Va. 327, 633 S.E.2d 272 (2006). Butler does not assert that the alleged fraudulent conduct by Sigley or BCSE had any effect on the procurement of the original spousal support award.

Imbedded in his argument, Butler seems to argue that the delay by respondents prevented him from challenging or moving the court to modify his spousal support prior to June 2022, when the court modified his spousal support to $0.00. However, it is apparent from Butler's arguments that he does not understand or distinguish the difference between a right or claim, or a judgment order that is time barred through the statute of limitations, and a continuing obligation (i.e., spousal support) that requires one to continuously pay until it is modified. Contrary to Butler's assertions this delay did not prevent him from taking any action nor prejudice him. In actuality, it saved him ten years of past due spousal

---

[5] Rule 60(b)(3) allows a party to file a motion for relief from final judgment or order in the event of fraud, but the motion must be made within one year of entry of the judgment or order.

4

support and resulted in him only having to pay past due arrears from February 8, 2012, to July 31, 2022.

Lastly, Butler argues that he should have been reimbursed travel expenses when he drove to the family court hearing on June 2, 2022. In support of this argument, he cites 28 U.S.C.A. § 1821(2) (1996), which states that "the term 'court of the United States' includes, in addition to the courts listed in section 451 of this title, any court created by Act of Congress in a territory which is invested with any jurisdiction of a district court of the United States." He also relies on 28 U.S.C.A. § 451 (1982), which provides that "the term 'court of the United States' includes the Supreme Court of the United States, court of appeals, district courts constituted by chapter 5 of this titled, including the Court of International Trade and any court created by Act of Congress…." However, the hearing was held in a state family court, and not in any of the courts included in the term "court of the United States." Therefore, the family court correctly held that Butler was not entitled to reimbursement of his expenses pursuant to these statutes.

Upon our review, we find no error. Butler's argument regarding the 2011 writ of execution is moot as the family court found that arrears accrued prior to February 8, 2012, were uncollectable per the statute of limitations. Also, Butler's arguments pertaining to equitable estoppel are unfounded, do not satisfy the basic requirements for equitable estoppel, and are improper for a motion to reconsider since nowhere in the September 13, 2022, order is equitable estoppel even addressed. Further, Butler does not explain how the alleged fraudulent conduct of Sigley affected the procurement of the original spousal support award or how he was prejudiced in any way. Lastly, 28 U.S.C. § 1821 clearly does not apply to family courts of this state. Thus, the family court did not abuse its discretion in denying Butler's array of motions and objections in its September 13, 2022, order.

Accordingly, we affirm.

Affirmed.

**ISSUED:** March 6, 2023

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Thomas E. Scarr
Judge Charles O. Lorensen

5