# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FRANCHESCA I.,**
**Petitioner Below, Petitioner**

**FILED**
**April 10, 2023**

EDYTHE NASH GAISER, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**vs.) No. 22-ICA-292** (Fam. Ct. Harrison Cnty. No. 17-D-354-5)

**THOMAS L.,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner Franchesca I.[1] appeals the "Order Determining Arrearage and Granting Judgment" entered by the Family Court of Harrison County on November 16, 2022. Franchesca I. asserts, *inter alia*, that the family court erroneously granted a judgment against her for child support arrears. Respondent Thomas L. did not submit a response.[2] The Bureau for Child Support Enforcement ("BCSE") responded in support of the family court's order. Franchesca I. filed a reply.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the lower tribunal's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Franchesca I. and Thomas L. were divorced by order entered March 1, 2018. They share three children, all of whom were under the age of eighteen at the time of divorce. In the final divorce order, Franchesca I. was ordered to pay child support of $400 for the month of April 2018 and $800 per month thereafter, effective May 1, 2018. In June of 2021, Franchesca I. filed a petition for modification of both child support and custody. The first modification hearing was held on July 26, 2021, and evidence was presented that two

---

[1] To protect the confidentiality of the juveniles involved in this case, we refer to the parties' last name by the first initial. *See, e.g.*, W. Va. R. App. P. 40(e); *State v. Edward Charles L.*, 183 W. Va. 641, 645 n.1, 398 S.E.2d 123, 127 n. 1 (1990).

[2] When the briefs were filed in this appeal, Franchesca I. was represented by Gregory H. Schillace, who is currently not practicing law. The BCSE is represented by Allison C. Ojeda, Esq. Thomas L. did not participate in this appeal.

of the three children are now of the age of majority and the youngest child primarily resides with Franchesca I. On July 28, 2021, the family court entered a temporary order modifying Franchesca I.'s child support to $0, effective July 1, 2021, and left the custody matter pending.[3] A final hearing on custody was held on October 19, 2021. By final order entered on October 20, 2021, the family court held that the parties' youngest child could choose where she wanted to live, and that child support would remain at $0.

After originally applying for BCSE services and having his case closed, Thomas L. reapplied for BCSE services on or about May 5, 2022, wherein he alleged that Franchesca I. had only paid approximately twenty-five percent of the total child support she owed and that it had not been paid on a monthly basis. The BCSE instituted income withholding with Franchesca I.'s employer in June 2022 for $1,000 per month.[4] The BCSE also filed a motion to determine arrearage and award judgement with the family court on July 20, 2022. The initial hearing for arrearages and judgment was held on August 31, 2022, and the court granted judgement. However, Thomas L. failed to appear at that hearing and filed for reconsideration stating that he did not receive notice. The matter was reset for October 26, 2022.

At the October 26, 2022, hearing, Franchesca I. objected to the BCSE's motion, contending that collateral estoppel and res judicata barred the BCSE from pursuing a claim against her. Specifically, she argued that because Thomas L. did not assert a claim for past due child support earlier in their litigation, and because the family court had already set child support at $0, the BCSE's motion should have been barred. Franchesca I. also averred that the March 1, 2018, divorce order provided for the proportional reduction of child support upon the emancipation of each child, and that her obligation had already been satisfied. Franchesca I. presented evidence of the child support payments she had made to Thomas L. and the court credited her for those payments. The court also held that the $800 per month child support order was not a "per child" order, and that Franchesca I. would have been required to file a petition for modification to get the monthly child support amount reduced. The court found no merit in Franchesca I.'s. collateral estoppel and res judicata argument and ordered judgement against Franchesca I. in the amount of $3,394.88, by order entered November 16, 2022. It is from the November 16, 2022, order that Franchesca I. now appeals. Our standard of review in this matter is as follows:

---

[3] During the same period of time, Franchesca I. and Thomas L. also litigated other issues that are not relevant to this appeal.

[4] With regard to income withholding, $800 was for current support and $200 was for arrears. Franchesca I. had unilaterally stopped paying the full $800 monthly amount once two of the children turned eighteen.

"In reviewing . . . a final order of a family court judge, we review the findings of fact made by the family court judge under the clearly erroneous standard, and the application of law to the facts under an abuse of discretion standard. We review questions of law *de novo*." Syl. Pt., [in part,] *Carr v. Hancock*, 216 W. Va. 474, 607 S.E.2d 803 (2004).

*Amanda C. v. Christopher P.*, No. 22-ICA-2, __ W. Va. __, __, __ S.E.2d __, __, 2022 WL 17098574, at *3 (Ct. App. Nov. 18, 2022); *accord* W. Va. Code § 51-2A-14(c) (2005) (specifying standards for appellate court review of family court order).

On appeal, Franchesca I. raises two issues. First, she contends that the family court erred in its refusal to apply the doctrines of collateral estoppel and res judicata to the BCSE's motion to determine arrearage and award judgment. Specifically, Franchesca I. avers that because child support was reduced to $0 by the orders entered on August 6, 2021 and October 29, 2021, that the judgement entered on November 16, 2022 was improper. We disagree.

The Supreme Court of Appeals of West Virginia held that, in order for res judicata to apply, three elements must be satisfied:

"First, there must have been a final adjudication on the merits in the prior action by a court having jurisdiction of the proceedings. Second, the two actions must involve either the same parties or persons in privity with those same parties. Third, the cause of action identified for resolution in the subsequent proceeding either must be identical to the cause of action determined in the prior action or must be such that it could have been resolved, had it been presented, in the prior action."

Syl. Pt. 4, *Blake v. Charleston Area Med. Ctr., Inc.*, 201 W. Va. 469, 498 S.E.2d 41 (1997). With regard to the first element, the issue of current child support was dealt with by the court's orders entered on August 6, 2021, and October 29, 2021. However, the issue of child support arrears was not adjudicated on the merits, which leaves the first element of res judicata unsatisfied. The second element of res judicata is unsatisfied because the BCSE was not a party in the first two hearings. Additionally, the BCSE does not have privity with Thomas L., as West Virginia Code § 48-18-110(b) (2001) states, "[a]n attorney employed by the Bureau of Child Support Enforcement or employed by a person or agency or entity pursuant to a contract with the Bureau for Child Support Enforcement represents the interest of the state or the bureau and not the interest of any other party." The third element of res judicata is also unsatisfied, as the evidence needed to prove child support arrears is different than evidence used to calculate current child support.

Franchesca I.'s argument that the BCSE's motion to determine child support arrears should have been barred by the doctrine of collateral estoppel also lacks merit:

Collateral estoppel will bar a claim if four conditions are met: (1) The issue previously decided is identical to the one presented in the action in question; (2) there is a final adjudication on the merits of the prior action; (3) the party against whom the doctrine is invoked was a party or in privity with a party to a prior action; and (4) the party against whom the doctrine is raised had a full and fair opportunity to litigate the issue in the prior action.

Syl. Pt. 1, *State v. Miller*, 194 W. Va. 3, 459 S.E.2d 114 (1995). The first three elements of collateral estoppel are nearly identical to the three required elements of res judicata, as outlined above, and the same analysis applies. In addition to the first three elements of collateral estoppel not being met, the fourth element is also not met. In this case, the doctrine of collateral estoppel is raised against the BCSE. However, because the BCSE was not a party to the first two hearings which took place on August 6, 2021 and October 9, 2021, the BCSE did not have a full and fair opportunity to litigate. As such, none of the elements of collateral estoppel are satisfied.

In addition to collateral estoppel and res judicata being inapplicable to this case, child support cannot be retroactively modified. Our highest court has long held that monthly child support obligations and arrearages cannot be retroactively reduced or cancelled. "The authority of a family court to modify a . . . child support award is prospective and, absent a showing of fraud or other judicially cognizable circumstance in procuring the original award, a family court is without authority to modify or cancel accrued . . . child support installments." Syl. Pt. 2, *Hayhurst v. Shepard*, 219 W. Va. 327, 633 S.E.2d 272 (2006). Here, Franchesca I. did not petition to modify child support until June of 2021. Thus, the change in child support occurred after June of 2021, and the corresponding reduction in child support, per *Hayhurst*, was not retroactively applied. *See id.* Accordingly, we find no error in the family court's findings as to Franchesca I.'s claims of collateral estoppel and res judicata.

In her second assignment of error, Franchesca I. argues that the family court erred when it ignored the express language of the parties' March 1, 2018, final divorce order. Franchesca I. states that this final divorce order provides for the reduction of child support either upon the emancipation of each child or when a substantial change in circumstances occurs. Again, we disagree. The language to which Franchesca I. refers is as follows:

Pursuant to the agreement of the parties, the Petitioner shall pay the Respondent $800 per month as child support. Child support shall continue beyond the date when the child reaches the age of eighteen (18) years, so long as such child is unmarried, residing with a parent and is enrolled as a full-time student in high school or an equivalent vocational education program and making substantial progress toward a degree. After the child reaches the age of eighteen (18), when any of the foregoing conditions ceases

to be true, child support shall terminate. Absent further order, such payments may not extend past the date that the child reaches the age of twenty (20). By petition to the Court, either party may request that the child support provisions ordered herein be modified based upon a substantial change of circumstances. Pursuant to W. Va. Code § 48-11-102 the court provides notice that: The amount of the monthly child support can be modified as provided by law based upon a change in the financial or other circumstances of the parties if those circumstances are among those considered in the child support formula. In order to make the modification a party must file a motion to modify the child support amount. Unless a motion to modify is filed, the child support amount will continue to be due and cannot later be changed retroactively even though there has been a change in circumstances since the entry of the order.

Franchesca I. contends that the above-stated language unambiguously provides two separate events for the modification of child support—either the emancipation of each child or a substantial change in circumstances. Franchesca I. argues that the language, "child support shall terminate" means the obligation to pay child support terminates automatically as each of the parties' children turns eighteen. However, the last sentence of the above quoted language states: "[u]nless a motion to modify is filed, the child support amount will continue to be due and cannot later be changed retroactively even though there has been a change in circumstances since the entry of the order." West Virginia Code § 48-11-102(c) (2001), requires, in part, that this express language (as to modification by motion and non-retroactive application of change in child support obligations) be included in child support orders. Therefore, we conclude that the parties' final divorce order satisfies the statutory requirements of West Virginia Code § 48-11-102(c) in this case. However, to avoid confusion in future orders, we encourage family courts to clearly state whether any part of a support obligation will automatically terminate under specific circumstances, including situations where there are multiple children in the home and the older child(ren) reach the age of majority. Absent such clear language, it will be assumed that there will be no automatic modification or termination of child support without further order from the family court. As there was no petition to modify filed by Franchesca I. until June of 2021, we find no error in the family court's decision.

Accordingly, we affirm the Family Court of Harrison County's November 16, 2022 "Order Determining Arrearage and Granting Judgment."

Affirmed.

**ISSUED:** April 10, 2023

**CONCURRED IN BY:**

5

Chief Judge Daniel W. Greear
Judge Thomas E. Scarr
Judge Charles O. Lorensen