# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**EMANUEL R.,**
**Respondent Below, Petitioner**

**FILED**
**April 10, 2023**
EDYTHE NASH GAISER, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**vs.)  No. 22-ICA-156** (Fam. Ct. Cabell Cnty. No. 08-D-790)

**DANIELLE R. AND THE WEST VIRGINIA DEPARTMENT OF HEALTH AND HUMAN RESOURCES BUREAU OF CHILD SUPPORT ENFORCEMENT,**
**Petitioners Below, Respondents**

## MEMORANDUM DECISION

Petitioner Emanuel R.[1] appeals the Family Court of Cabell County's August 9, 2022, Order that modified his child support to $226.73 per month and entered judgment against him for child support arrears. Respondent Danielle R. did not file a response brief. Respondent Department of Health and Human Resources Bureau for Child Support Enforcement ("BCSE") responded in support of the family court's order.[2]

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the lower tribunal's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Emanuel R. and Danielle R. are the parents of one child, born in 2007. By Order entered on May 8, 2015, Emanuel R. was ordered to pay Danielle R. $535.80 per month in child support. On October 21, 2021, Emanuel R. filed a pro se Petition for Modification requesting that his child support obligation be lowered based on a change in income. On November 16, 2021, the Circuit Court of Cabell County attempted service on Danielle R., but the mail was returned unclaimed on November 30, 2021, and again on December 10, 2021. The Circuit Clerk attempted service on Danielle R. at a different address on

---

[1] To protect the confidentiality of the juvenile involved in this case, we refer to the parties' last name by the first initial. See, e.g., W. Va. R. App. P. 40(e); *State v. Edward Charles L.*, 183 W. Va. 641, 645 n.1, 398 S.E.2d 123, 127 n.1 (1990).

[2] Emanuel R. is self-represented. The BCSE is represented by Allison C. Ojeda, Esq. Danielle R. did not participate in this appeal.

December 28, 2021, but the mail was again returned unclaimed. Finally, Emanuel R. unsuccessfully attempted service via the Sheriff to a business where Danielle R. was not employed.

On April 15, 2022, Emanuel R. filed a Supplemental Petition to Modify. On May 23, 2022, a hearing was held in the Family Court of Cabell County, which Emanuel R. attended by phone. Danielle R. did not appear, as she had not been served. The family court instructed Emanuel R. to consult an attorney about serving Danielle R. On May 25, 2022, the family court entered an order removing the pro se action from the docket due to failure to serve process.

On June 1, 2022, the BCSE filed a Petition to Modify Child Support in this matter. Emanuel R. made a request for publication, which was returned to him with an attached letter from the Cabell County Circuit Clerk on June 7, 2022, stating that the Order of Publication was not necessary, as both parties had been served and the matter would soon be set for hearing. All parties were properly served and notified of the hearing date. On August 1, 2022, a hearing was held in this matter, where Danielle R. and BCSE attorney Paul Cooley appeared by phone. Emanuel R. did not appear. The family court attempted to contact Emanuel R. but was unable to reach him.

At the hearing, the family court attributed a monthly gross income of $1,286.67 to Emanuel R., based on the earnings of a minimum wage, full time position. It was established that Danielle R. had a monthly gross income of $1,387.66. By order entered on August 11, 2022, the family court modified Emanuel R.'s child support to $226.73 per month and awarded Danielle R. a judgment in the amount of $1,823.33 in child support arrears. It is from this Order that Emanuel R. now appeals, seeking reversal of the final order and a dismissal of the arrears that accrued between October 27, 2021, and August 1, 2022.

Our standard of review is as follows:

> "In reviewing . . . a final order of a family court judge, we review the findings of fact made by the family court judge under the clearly erroneous standard, and the application of law to the facts under an abuse of discretion standard. We review questions of law *de novo*." Syl. Pt., [in part,] Carr v. Hancock, 216 W. Va. 474, 607 S.E.2d 803 (2004).

*Amanda C. v. Christopher P*., No. 22-IA-2, __ W. Va. __, __, __ S.E.2d __, __, 2022 WL 17098574, at *3 (Ct. App. Nov. 18, 2022); *accord* W. Va. Code § 51-2A-14(c) (2005) (specifying standards for appellate court review of family court order).

On appeal, Emanuel R. argues that the denial of his order of publication and the service of process by the BCSE caused a delay in his relief and increased his child support

arrears. Emanuel R. further argues that the family court did not recognize his substantial decrease in income. Emanuel R. asserts that he requested service from the BCSE in February 2022, but that Danielle R. was not served at that time. Emanuel R. cites West Virginia Code § 48-11-106a (2005), which states in part that "any party seeking the recalculation of support and modification under a child support order due to a substantial change in circumstance. . .may seek and obtain the assistance of the Bureau of Child Support Enforcement." Additionally, Emanuel R. argues that Danielle R. did not provide him with proper notice of her relocation and new address, which made him unable to properly serve her.

A review of the record indicates that the BCSE refrained from filing the Petition for Modification based on the pending pro se action. West Virginia Code § 48-18-201(g) (2005) states, "[t]he BCSE may refuse to accept a request or take action on a request for assistance if it determines there are ongoing proceedings which may create a conflict." Further, the pro se action was removed from the family court's docket on May 23, 2022, and the BCSE filed the Petition for Modification in this action on June 1, 2022, indicating that there was no significant delay in relief. Emanuel R. contends that the issues surrounding service of process led to increased child support arrears, and requests cancellation of the judgement awarded to Danielle R. However, the Supreme Court of Appeals of West Virginia has held that "the authority of a family court to modify a spousal support or child support award is prospective only." Syl. Pt. 2, in part, *Hayhurst v. Shepard*, 219 W. Va. 327, 633 S.E.2d 272 (2006). Thus, this Court is not able to cancel Emanuel R.'s accrued child support arrears.

Emanuel R. further argues that the family court did not consider his decrease in income because of the Covid-19 pandemic. However, Emanuel R. did not appear at the hearing, and did not testify or provide any information regarding his decreased income. Our review is limited to the evidence developed in the family court. *See, e.g.*, W. Va. Code § 51-11-4(c) (2022) ("[P]arties shall be afforded a full and meaningful review on the record of the lower tribunal."); W. Va. R. App. P. 6(a) ("The record on appeal consists of the documents and exhibits filed in the proceedings in the lower tribunal, the official transcript or recording of the proceedings, if any, and the docket entries of the lower tribunal."). Because Emanuel R. did not testify or provide evidence on the record as to the decrease in his income, we cannot consider this argument. The family court correctly attributed minimum wage to Emanuel R., as there was no evidence that he was unable to work a minimum wage, full time position. The family court then determined the monthly amount of support based on the child support guidelines and lowered Emanuel R.'s monthly amount of support from $535.80 to $226.73.

Finally, Emanuel R. argues that Danielle R. did not comply with the notice requirement for a change of address. A review of the record indicates that the family court's order required only that the parties notify the BCSE regarding changes of address, that Danielle R. made her address known to the BCSE, and she was properly served, as a result.

3

In his reply brief, Emanuel R. cites to West Virginia Code § 48-9-403(b) (2021), which involves relocation of a parent in relation to custodial responsibility, not the allocation of child support, and is thus outside the scope of this action.

Having reviewed the record and the parties' arguments, we find no clear error or abuse of discretion. Accordingly, we affirm the family court's August 9, 2022, Order.

Affirmed.

**ISSUED:** April 10, 2023

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Thomas E. Scarr
Judge Charles O. Lorensen