# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FILED**
**June 15, 2023**

EDYTHE NASH GAISER, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**ANN L.,**
**Petitioner Below, Petitioner**

**vs.) No. 22-ICA-316** (Fam. Ct. Jefferson Cnty. No. FC-19-2018-D-63)

**PATRICK J.,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner Ann L.[1] appeals the November 17, 2022, "Final Modification Order" of the Family Court of Jefferson County. Ann L. asserts that the family court erroneously modified Respondent Patrick J.'s child support obligation without a motion pending and failed to appropriately modify the parties' custody agreement despite Patrick J.'s admitted substance abuse issues. The West Virginia Department of Health and Human Resources Bureau for Child Support Enforcement ("BCSE") timely filed a response. Patrick J. did not file a response.[2] Ann L. did not file a reply.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds that there is error in the lower tribunal's decision but no substantial question of law. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure for reversal in a memorandum decision. For the reasons set forth below, this case is reversed in part, vacated in part, and remanded with directions.

Ann L. and Patrick J. are parents to one child, N.J., born in 2015. On February 2, 2018, Ann L. applied for services with the BCSE. On February 27, 2018, Ann L. filed a "Petition for Paternity and Custodial Decision-Making Responsibility" in the Family Court of Jefferson County. On May 28, 2018, the family court entered a "Final Custodial and Child Support Order." Ann. L. was designated as the primary custodial parent of the child, and Patrick J. was ordered to pay $525 per month in child support for the month of March

---

[1] To protect the confidentiality of the juvenile involved in this case, we refer to the parties' last name by the first initial. *See, e.g.,* W. Va. R. App. P. 40(e); *State v. Edward Charles L.,* 183 W. Va. 641, 645 n.1, 398 S.E.2d 123, 127 n. 1 (1990).

[2] Petitioner Ann L. is represented by Cinda L. Scales, Esq. Patrick J. did not participate in this appeal. BCSE is represented by Mark L. French, Esq.

1

2018, and thereafter $652 per month. The family court directed that the child would primarily reside with Ann L., but that Patrick J. would have parenting time on alternating weekends from Friday at 8:00 pm until Sunday at 8:00 pm.

On August 2, 2022, Ann. L. filed a "Petition for Modification," seeking to modify the parties' custody agreement, and a change in child support should Patrick J.'s custody be modified. The "Petition to Modify" was based on the allegation that Patrick J. had been using and abusing illegal drugs, and that it was no longer in the child's best interests to spend alternating weekends with Patrick J. A hearing was held on September 14, 2022. At the hearing, Patrick J. admitted to using illegal drugs, including cocaine. Patrick J. claimed that he was not under the influence of drugs at the hearing, but he was not tested for drug use. Ann L. testified that Patrick J. admitted to picking up the child while impaired, and that she was sometimes unable to tell whether he was impaired. The family court judge expressed that he did not wish to lower Patrick J.'s custody time from the alternating weekends previously agreed upon. Further, it was established that Patrick J. had a child support arrearage in the amount of $12,000, and the family court found him in contempt.[3] Although Patrick J. did not file a Petition for Modification, the family court addressed the issue of child support anyway. The parties testified regarding their income, but no documentation was required by the family court.

On November 17, 2022, the family court entered a "Final Modification Order," which stated that Ann L. could exercise her discretion and refuse to allow the child to go with Patrick J. if he was visibly impaired. The family court directed that Patrick J. pay $50 per month towards the child support arrearage and modified Patrick J.'s child support obligation from $652 to $443 per month, although there was no motion pending. It is from this order that Ann L. now appeals. Our standard of review is as follows:

> "In reviewing . . . a final order of a family court judge, we review the findings of fact made by the family court judge under the clearly erroneous standard, and the application of law to the facts under an abuse of discretion standard. We review questions of law *de novo*." Syl. Pt., [in part,] *Carr v. Hancock*, 216 W. Va. 474, 607 S.E.2d 803 (2004).

*Amanda C. v. Christopher P.*, No. 22-ICA-2, __ W. Va. __, __, __ S.E.2d __, __, 2022 WL 17098574, at *3 (Ct. App. Nov. 18, 2022); *accord* W. Va. Code § 51-2A-14(c) (2005) (specifying standards for appellate court review of family court order).

On appeal, Ann. L. raises two issues, (1) the family court's decision to modify Patrick J.'s child support obligation without Patrick J. filing a petition for modification of

---

[3] Although the family court found Patrick J. in contempt during the hearing, such ruling was not reflected in the "Final Modification Order."

support; and (2) the family court's decision not to further reduce Patrick J.'s custodial parenting time.[4]

Turning to the issue of Patrick J.'s child support obligation, the record demonstrates that Patrick J. did not file a motion seeking the reduction of his child support obligation. West Virginia Code § 48-11-105 (2008), states that "[t]he court may modify a child support order, for the benefit of the child, when a motion is made that alleges a change in circumstances of a parent. . . ." Further, the Supreme Court of Appeals of West Virginia has held that: "it is apparent that a party must make a motion for modification of an order awarding child support before a court is permitted to grant such relief." *Skidmore v. Skidmore*, 225 W. Va. 235, 246, 691 S.E.2d 830, 841 (2010) (citation omitted). The *Skidmore* Court further reasoned that a parent cannot be granted relief from child support based solely upon a petition filed by the *other* parent, the party seeking relief must file *their own* petition or a counterclaim for modification of child support. *See id.* Here, as Patrick J. did not file a petition or counterclaim to modify his child support obligation, the circuit court abused its discretion in modifying Patrick J.'s child support.[5]

Ann L. further argues that the family court did not require either party to produce any financial statements or supporting documents and erred in failing to set forth its reasoning for deviation from the child support guidelines, as required by West Virginia Code § 48-13-702 (2001), which states that:

> [i]f the court finds that the guidelines are inappropriate in a specific case, the court may either disregard the guidelines or adjust the guidelines to accommodate the needs of the child . . . or the circumstances of the parent or parents. In either case, the reason for the deviation and the amount of the calculated guidelines award must be stated on the record.

While we acknowledge that the family court did not require the filing of financial statements and did not provide its reasoning for deviation from the child support guidelines are questionable practices, we will not address the propriety of the same herein, as the fact that Patrick J. did not file a petition or counterclaim for modification of his child support obligation is dispositive. *See Skidmore*, 225 W. Va. at 246, 691 S.E.2d at 841. We remind the family court that the Supreme Court of Appeals of West Virginia has held that "[t]he

---

[4] Ann L. and BCSE present the same arguments on the issue of child support. Accordingly, we will not address the BCSE's argument separately.

[5] The record demonstrates that counsel for Ann L. advised the family court during the hearing that there was no motion filed by Patrick J. regarding child support, and that the lack of such motion was a potential due process issue if the court went ahead with the modification.

authority of a family court to modify a . . . child support award is prospective only . . . a family court is without authority to modify or cancel accrued alimony or child support installments. Syl. Pt. 2, in part, *Hayhurst v. Shephard*, 219 W. Va. 327, 633 S.E.2d 272 (2006). Thus, any modification of Patrick J.'s child support obligation on remand should be prospective only.

Turning to the issue of modification of child custody, the Supreme Court of Appeals of West Virginia has said that to properly review an order of a family court:

> [t]he order must be sufficient to indicate the factual and legal basis for the [family court's ultimate conclusion so as to facilitate a meaningful review of the issues presented. *Province v. Province*, 196 W. Va. 473, 483, 473 S.E.2d 894, 904 (1996); *see also Nestor v. Bruce Hardwood Flooring L.P.*, 206 W. Va. 453, 456, 525 S.E.2d 334, 337 (1999) ("[O]ur task as an appellate court is to determine whether the circuit court's reasons for its order are supported by the record.") "Where the lower tribunals fail to meet this standard – *i.e.* making only general, conclusory, or inexact findings – we must vacate the judgment and remand the case for further findings and development." *Province*, 196 W. Va. at 483, 473 S.E.2d at 904.

*Collisi v. Collisi*, 231 W. Va. 359, 364, 745 S.E.2d 250, 255 (2013).

Upon review, the family court's November 17, 2022, order does not contain sufficient findings of fact and conclusions of law to indicate the factual and legal basis for the family court's conclusion that Patrick J.'s custodial time should not be modified. West Virginia Code § 48-9-206(d) requires that final parenting plan orders must contain specific findings of fact.[6] Here, the family court's November 17, 2022, "Final Modification Order" order did not contain any findings or analysis as to whether there was a substantial change in circumstances based on Patrick J.'s illegal drug use, his failure to utilize parenting time for over four months prior to the hearing, or his child support arrearage.[7] Accordingly, we find that the family court's order is insufficient as a matter of law.

---

[6] West Virginia Code § 48-9-206(d) states: "[t]he court's order determining allocation of custodial responsibility shall be in writing and include specific findings of fact and conclusions of law supporting the determination."

[7] West Virginia Code § 48-9-401 (2022) provides that:

A court shall modify a parenting plan order if it finds, on the basis of facts that were not known or have arisen since the entry of the prior order and were not anticipated in the prior order, that a substantial change has occurred in the circumstances of the child or of one or both parents and a modification is necessary to serve the best interests of the child.

4

Based on the foregoing, we reverse the family court's ruling regarding child support and remand the case for entry of an order reinstating Patrick J.'s prior child support obligation of $652 per month. Further, we vacate and remand the portion of the family court's order modifying custody for entry of an order addressing whether there was a substantial change in circumstances, along with sufficient findings of fact and conclusions of law to justify its ruling. The family court's November 17, 2022, "Final Modification Order" is hereby converted to a temporary custodial allocation order until the entry of a new final order consistent with this decision is issued by the family court.

Reversed in part, Vacated in part, and Remanded with directions.

**ISSUED:** June 15, 2023

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Thomas E. Scarr
Judge Charles O. Lorensen